By the Court.
 

 This action was brought to re
 
 *239
 
 cover damages which the plaintiff, Rosemary Cover-son, a minor, claimed to have suffered from injuries caused by negligence in the handling of fireworks. The amended petition charged that the San Antonio Society gave a fireworks display in a certain public park in the city of Cleveland, at which time plaintiff was standing in said park at some distance from where the fireworks were being discharged, and that through the careless handling of the same by the defendants and their duly authorized agents, acting for the defendants in the course of their employment, an “aerial bomb” struck the plaintiff, causing certain injuries therein described. The -defendants named are the San Antonio Society, and .association not for profit, the president and secretary .and three other named members thereof, and Mike Sanda, doing business as the Hudson Fireworks Manufacturing Company, who it is alleged furnished the fireworks and provided an assistant to present such display.
 

 After plaintiff had rested her case, the several defendants moved for a directed verdict in their favor upon the ground that ;no evidence had been adduced tending to show that any of the defendants directly or indirectly caused plaintiff’s .injury.
 

 It is conceded that at the close of plaintiff’s evidence no case had been made against «the defendants, or either of them. Plaintiff’s case had been fully presented. All evidence available or at hand had been submitted. No request was made to reopen the case and permit the introduction of further evidence ; no application presented for leave to amend the pleadings to conform to the proof. Plaintiff’s case with all the proof at hand had been submitted.
 
 *240
 
 Issue was made by motion of the several defendants to direct a verdict, and the court found that “the proof fails to show a single, solitary individual as an individual that’s mentioned in the pleadings that participated, or had anything to do with the firing or discharging of these fireworks upon that night # * # there is nothing shown that the society as a society, through its agents, employees, or otherwise, discharged these fireworks. * * * There not being a scintilla of evidence in that respect, counsel realizing that, admitting virtually that one of these defendants should be out, the court cannot see why all the parties would not be out under the present evidence so far as has been introduced in the case. Now, the court is clearly of the opinion at this time that under the evidence, as it stands at this time, that it’s the duty of the court to direct the jury to return a verdict in favor of all these defendants.” The court so concluded, and that conclusion was not only warranted, but required, by the record.
 

 A question of law was presented, triable by the court. It was decided by the court, but the court refused to enter its judgment in accordance with the announced decision. That was reversible error, unless such refusal by the court was in the proper exercise of a sound discretion, and for one of the usual and well-recognized reasons, such as the necessity of an amendment of the pleadings in furtherance of justice, or because of some untoward circumstance, such as surprise or late discovery of absence of material evidence, as to which there had been no want of due diligence on the part of plaintiff. No such situation is disclosed by the record. That is evident from the further statement of the court: “If it
 
 *241
 
 is the desire of the plaintiff at this time, the court will permit the plaintiff to withdraw a juror and amend his petition, if he can amend it, that’s for him to determine, and proceed, if he can, under the amended petition and proceed to show that any one, any particular person by some kind of evidence was the cause of this injury.” The withdrawal of a juror was then directed, and the case continued over the objection and exception of the defendants. No amendment of the petition was suggested that would make competent any additional evidence against the defendants or either of them.
 

 Admittedly, no case has been made against the defendants named in the petition, and they were therefore entitled to be dismissed. No reason whatever appeared why they should be held pending the endeavor of plaintiff to find others against whom a case might subsequently be made.
 

 Judgment reversed, and judgment for plaintiffs in error.
 

 Judgment reversed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.