award was made, was directed to place $50,000 in trust for the benefit of the minor child.

Under the broad language of the section of the General Code, and the authority of *Ex parte Gordan,* cited *supra,* this court is of the opinion that the order is valid, and it will therefore be affirmed.

*Judgment affirmed.*

WILLIAMS and LLOYD, JJ., concur.

THE PARSCH LUMBER CO. *v.* McGRATH.

(Decided June 15, 1930.)

*Messrs. Howell, Roberts & Duncan,* for plaintiff in error.

*Messrs. Hartshorn, Thomas & Abele,* for defendant in error.

SULLIVAN, J. This is a proceeding in error to the common pleas court of Cuyahoga county, and the questions to be decided are: First, Is the contention of plaintiff in error well founded, in that at the close of plaintiff's case, when both parties had rested, prejudicial error was committed by continuance of the cause upon the application of the plaintiff below, John McGrath, by withdrawal of a juror while a motion for a directed verdict in favor of the defendant was pending and undecided; and, second, whether a motion in this court by plaintiff in error to dismiss the proceedings is well taken on the ground that the order of the court below is not a final one and therefore the issues are nonjurisdictional in this reviewing court.

Incidentally, another question arises in connection with the first assignment of error, and that is whether the cause was continued by the withdrawal of a juror, after the motion to direct was made by defendant, plaintiff in error here, and before the motion was passed upon. In other words, had the judgment of the court upon the motion to direct preceded the continuing of this cause? If so, then the question which is decisive of the whole matter is whether the continuance of a cause until the next day, or even to a more subsequent date, is a final order, and obviously this question can only be answered in one way, and that is in the negative. We

must look to the record in order to determine these questions.

Turning to the record, we find that the plaintiff rested immediately after cross-examination by counsel for defendant, and that thereupon a motion was made by counsel for the Cleveland Railway Company, a joint defendant, for a directed verdict and the arrest of the case from the jury, which motion was granted. This left the cause proceeding against the present plaintiff in error alone. The next step in the proceeding was a duplication of the action of counsel for the Cleveland Railway Company by counsel for the plaintiff in error, which was that the testimony be withdrawn from the jury and a judgment entered for the plaintiff in error. Upon an interrogatory from the court as to whether counsel desired to be heard upon that motion a negative answer was given by counsel for plaintiff in error, and immediately thereupon the court passed judgment upon the motion for a directed verdict in behalf of the plaintiff in error by overruling the same, to which exception was then and there duly taken.

The next substantial step, after the overruling of the motion to direct a verdict for the plaintiff in error, was by the court ordering counsel for plaintiff in error to proceed, whereupon counsel renewed the motion for a directed verdict and that the testimony be withdrawn from the jury, which had been passed upon by the judgment of the court in overruling the motion, as already noted.

After this motion, which was overruled by the court, was made, the only attempt to proceed was by way of a renewal of the motion which had already been impressed with the judgment of the court over-

ruling the same. No new evidence was offered and no step taken in the case that would create a hiatus which would have a tendency to destroy the effect of the judgment of the court in overruling the motion of plaintiff in error for a directed verdict. In fact the court, upon the attempt to renew the motion which had already been passed upon, reiterated his judgment by saying that it would be the same as the ruling already made. With this legal status it appears to us that, inasmuch as the application for the continuing of the case by the withdrawal of a juror was subsequent to the judgment of the court pronounced upon the motion, the inescapable conclusion is that the only action of the court which can be called into question by the reviewing court is the granting of the application for continuance through the instrumentality of the withdrawal of a juror, and, this being so, the effect of the judgment on the motion to continue must be considered independently and not as an intervening situation in the case between the time of the motion to direct and the judgment of the court. If the record disclosed that the motion to continue was granted, while the judgment of the court upon the motion to direct was still hanging in the balance, the status of the case would be much more complicated, but, even then—even if such were the record—it is our judgment that the court had a right to continue the case by the withdrawal of a juror if it was in the interest of substantial justice, and, especially so, if the question of surprise, casualty, or unavoidable accident arose in the case, and as to this aspect it will be observed by a reading of the record that the absence of witnesses created a situation which was not only an embarrass-

ment to counsel for defendant in error, but to counsel for plaintiff in error as well.

Upon the question of surprise, which able counsel for plaintiff in error insist should exist, we have counsel for defendant in error proclaiming to the court that the situation created a surprise that logically led to his application to continue the case by the withdrawal of a juror.

Whether the facts in the record warranted the court in overruling the motion to direct a verdict is immaterial, because, inasmuch as the court passed upon the motion by overruling it, it reduced the question in its final analysis to the discretion of the court in the continuance of the cause, and we see nothing in the record that shows, in respect to this ruling, an abuse of sound discretion.

From our examination of the record and the aspect in which we view it, we do not consider the case of *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 160 N. E., 629, and the case of *Sanda, d. b. a. Hudson Fireworks Mfg. Co.,* v. *Coverson,* 122 Ohio St., 238, 171 N. E., 89, applicable.

Of course, in the *Jacob Laub Baking Co. case, supra,* the court held that the overruling of a motion for a directed verdict and for judgment constitutes a final order, but in the instant case counsel for plaintiff in error do not rely upon error in this respect, but insist that the ruling upon the motion hung in the balance, and that the intervening action of the court in continuing the case is the basis of error. In other words, counsel for plaintiff in error disagree with the aspect of the record as viewed by the reviewing court, but we cannot treat it as able counsel contend, for the reason that in our opinion the com-

mon pleas court passed judgment upon the motion to direct a verdict.

From the views herein expressed, our judgment is that the motion to dismiss the petition in error on the ground that the judgment below is not a final order should be, and the same hereby is, granted; and this disposes of the necessity of passing judgment, except as herein noted, upon the other aspects of the case.

*Motion to dismiss allowed.*

VICKERY, P. J., and LEVINE, J., concur.