CUMMINGS, Appellant and Cross–Appellee,

v.

B.F. GOODRICH COMPANY, Appellee and Cross–Appellant, et al.

[Cite as *Cummings v. B.F. Goodrich Co.* (1993), 86 Ohio App.3d 176.]

Court of Appeals of Ohio,
Washington County.

No. 91 CA 25.

Decided Feb. 2, 1993.

178

Larimar & Larimar and James C. Ayers, for appellant and cross-appellee.

*Elizabeth T. Smith,* for appellee B.F. Goodrich Co.

*Lee Fisher,* Attorney General, and *Yolanda Barnes,* Assistant Attorney General, for Industrial Commission of Ohio et al.

---

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Washington County Common Pleas Court granting a motion for a directed verdict against Alfred Cummings, plaintiff below and appellant herein. The court found appellant failed to prove that his March 29, 1979 industrial accident proximately caused his present "sprain/strain right knee" condition.

Appellant assigns the following errors:

First Assignment of Error:

"The court erred as a matter of law when it sustained defendant's objections to the hypothetical questions posed to plaintiff's medical expert, Adolph V. Lombardi, Jr., M.D., and subsequently granted a directed verdict to defendant because plaintiff failed to produce expert evidence on proximate causation."

Second Assignment of Error:

"The court erred as a matter of law when it overruled plaintiff's motion for a mistrial or, in the alternative, for a continuance (recess) to permit plaintiff to clear up any confusion which the court perceived would be encountered by the jury."

Appellee assigns a conditional cross-assignment of error as follows:

"Should this court find that appellant's expert medical testimony was sufficient to show a causal connection between his 1979 industrial incident and a right knee problem, the court below erred when it refused to grant appellee a directed verdict on the alternative grounds that appellant's cause was barred by the applicable two-year statute of limitations of Ohio Rev.Code Section 4123.84."

Appellant sustained injury to his left knee on March 20, 1979 during the course and in the scope of his employment with B.F. Goodrich Company. The Industrial Commission of Ohio allowed appellant's claim for a strain/sprain to his left knee in 1979. Appellant did not file a claim within the two-year R.C. 4123.84 statute of limitations period for any 1979 injury to his right knee.

The instant case began with appellant's February 4, 1988, application for workers' compensation benefits for his right knee condition "due to physical compensation from his 1979 left knee injury." In a February 4, 1988 explanation accompanying the application, appellant stated he had continual pain and swelling in his right knee in 1979 after the left knee injury that year. Appellant also

stated that during the rehabilitation period following surgery to the left knee on March 5, 1982, "the pain and swelling in the right knee came to a point where I couldn't endure it anymore." Appellant underwent surgery to the right knee on December 14, 1982, and again on April 7, 1983. Appellant further stated that during the next three years, both his knees "would become inflamed and swollen * * * [and] the only thing I could do was sit at home with ice packs on my knees."

On December 29, 1986, appellant fell at work again.[1] This fall caused pain and swelling to both knees. On April 29, 1987, Dr. Adolph Lombardi replaced both of appellant's knees.

The record transmitted on appeal does not contain a copy of the record before the Industrial Commission of Ohio. We glean the following information from appellant's December 1, 1989 complaint filed in the Washington County Common Pleas Court. On October 18, 1988, the district hearing officer allowed appellant's February 4, 1988 application for the right knee claim. Appellee appealed. On April 28, 1989, the Columbus Regional Board affirmed. Appellee appealed again. On September 29, 1989, the Industrial Commission of Ohio refused the appeal. Appellee filed a notice of appeal with the Washington County Common Pleas Court on November 21, 1989. Appellant filed his complaint ten days later.

Appellee answered the complaint on December 7, 1989. On March 22, 1991, after obtaining leave of court, appellee filed an amended answer on March 22, 1991, alleging that appellant had failed to file his workers' compensation claim within the R.C. 4123.84 two-year statute of limitations.

During the June 20, 1991 jury trial, appellant testified about the 1979 injury. Appellant also testified that one day in 1982, when he was getting out of his van at home, his right knee "just folded up" underneath him and caused him to fall. Appellant admitted on cross-examination that he did not mention the 1982 fall in the February 4, 1988 explanation accompanying his application for benefits.

At the conclusion of his testimony, appellant attempted to present the deposition testimony of his doctor, Dr. Adolph Lombardi, to prove that the 1979 injury to the left knee had proximately caused the present condition of the right knee. Dr. Lombardi testified in the deposition in pertinent part as follows:

"Q. * * *

---

1. In his brief on appeal, appellant's counsel notes: "A claim for an injury to his right knee in 1986, as an aggravation of a pre-existing condition, was denied and not appealed as the right knee was already allowed administratively in this claim."

"Now, Doctor, I ask you to a reasonable degree of medical probability and assuming that as you stated there was a preexisting condition when he came to see you in—that existed prior to 1986 in the right knee.

"Assuming all these facts to be true do you have an opinion once again to a reasonable degree of medical probability as to whether the injury in 1979 when he slipped on the oil proximately caused an aggravation to that condition that preexisted 1986 when he fell in 1986?

"MR. TAIT: Objection.

"Q. First do you have an opinion? You may answer.

"A. Can you rephrase that for me one more time.

"Q. Yes. I'm asking whether the injury in 1979—

"A. Uh-huh.

"Q. —at work proximately caused an aggravation to that preexisting condition that preexisted his fall in 1986—

"MR. TAIT: Objection again.

"Q. —which existed—the condition that existed when you saw him in 1987.

"Now, let me—I might have to explain.

"What I'm saying here is that he—you said he had a condition that preexisted 1986.

"A. Correct.

"Q. And he had a fall in 1986.

"A. Correct as well.

"Q. *So what I'm asking is but for the condition in 1979 would the fall in 1986 or did the fall in 1986 make his condition worse because he had the injury in 1979 as a proximate result?*

"A. Okay.

"MR. TAIT: Objection.

"A. I think if we go back to the facts and see that we have a young patient who unfortunately fell and sustained an injury in '79.

"Obviously from all the history given by the patient most of the injury involved the left knee. However, there was an injury to the right knee evidenced by the reports of swelling, persistent pain, and a requirement for later surgery. And one other thing that probably is not borne out at least in what you presented is the fact that *when an individual does, I feel, sustain an injury to one of the*

*extremities he has to then depend on the opposite extremity and that in itself places significant stresses upon that other extremity.*

"So he started—he therefore had a compromised right lower extremity right knee as well as a left lower extremity left knee and I would have to say that an injury then sustained in 1986 would be on a compromised extremity and certainly would aggravate and perhaps even intensify the injury.

"MR. TAIT: Move to strike." (Emphasis added.)

The court sustained appellee's objection to the hypothetical questions appellant posed to Dr. Lombardi.

Before making its ruling, the court heard arguments from the parties concerning whether the workers' compensation law permits recovery for the aggravation that a previous injury might cause to a newly evolved condition. The court, however, did not answer that question. The court instead focused on whether the hypothetical questions posed to Dr. Lombardi would elicit testimony that the 1979 injury to appellant's left knee aggravated the present condition of his right knee. The court commented:

"[A]t this particular point * * * I don't believe that's what has been asked.

"We're tied into a 1986 condition and an aggravation whether you meant to use those words or not, they're there and as it goes to the jury I think we have an issue that quite frankly the Court's going to have a * * * really terrible time defining."

After the court's ruling, appellant moved for a mistrial and, alternatively, moved for a continuance to enable him to obtain additional testimony from Dr. Lombardi. The court overruled both motions.

Next, appellee moved for a directed verdict based upon two grounds. First, appellee argued the R.C. 4123.84 statute of limitations bars the present action for the reason that appellant failed to file his claim for the right knee within two years after he discovered the condition of the right knee. Second, appellee argued that due to the fact the court sustained the objections to the hypothetical questions appellant posed to Dr. Lombardi, appellant had failed to prove that the 1979 injury to the left knee had proximately caused the present condition of the right knee.

The trial court agreed that appellant had failed to prove proximate cause. The trial court's July 9, 1991 judgment entry provides in pertinent part as follows:

"[I]t is hereby ordered that a directed verdict be entered in favor of Defendant B.F. Goodrich Company on the grounds that Plaintiff has failed to prove a proximate cause between the industrial incident of March 20, 1979 and an injury of 'sprain/strain right knee' and that Plaintiff is therefore not permitted to

participate in the workers' compensation system for an injury described as 'sprain/strain right knee' in Claim No. 673157–22."

Appellant filed a timely notice of appeal. Appellee filed a timely notice of a conditional cross-appeal.

I

In his first assignment of error, appellant acknowledges that the R.C. 4123.84 statute of limitations prevents him from recovering for the 1979 and 1986 injuries to his right knee. Appellant agrees with appellee that the court should disregard those injuries to the right knee. Appellant instead argues that the court should permit him to recover for the part of the post–1986–injury condition of his right knee that was caused by the 1979 injury to his left knee. Appellant writes in his brief on appeal:

"Since an aggravation of a pre-existing condition is a compensable injury (*Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1 [548 N.E.2d 920] ), it is perfectly logical that an aggravation of a *later* existing condition should be compensable. It matters not whether a pre-existing condition was work related or a formerly denied claim. Why then should it matter if a later existing condition were work related or a formerly denied claim? If an employer takes a worker as he *finds* him, why then does not an employer take a worker as he evolves?" (Emphasis *sic*.)

Appellant contends the court should have allowed him to present expert medical deposition testimony to prove that his gait problems stemming from the 1979 injury to his left knee had aggravated the post–1986–injury condition of his right knee. Appellant argues that the trial court erred by sustaining appellee's objections to the hypothetical questions appellant posed to his expert medical witness. Appellant further argues that the trial court erred by subsequently granting appellee's motion for directed verdict, due to appellant's failure to present expert medical testimony on the issue of proximate causation.

In reply, appellee argues that no authority exists for appellant's novel claim that employers must not only take employees as they find them, but also take employees as they evolve years after an injury. Appellee contends that the workers' compensation law does not permit claims for injury-caused aggravation of conditions that develop subsequent to the injury.

Second, appellee notes that the R.C. 4123.84 two-year statute of limitations requires workers to file additional claims within two years of the time the worker knew or should have known of the additional condition. See *Clementi v. Wean United, Inc.* (1988), 39 Ohio St.3d 342, 530 N.E.2d 909; *Dent v. AT & T Technologies, Inc.* (1988), 38 Ohio St.3d 187, 527 N.E.2d 821. Appellee argues

that a worker must not be permitted to wait more than two years until his additional condition worsens sufficiently to make it worthwhile for him to file for the additional allowance. The worker must file within two years of his knowledge of the additional condition.

Appellee notes that appellant injured his right knee in 1979. Appellant endured surgery on his right knee in 1982. He suffered three years of continuous pain and swelling in his right knee from 1983 to 1986. Appellee argues that despite appellant's early knowledge of his right knee condition, he did not file his claim until February 4, 1988.

Third, appellee argues that Dr. Lombardi's testimony failed to link appellant's 1979 left knee accident to his post–1986–injury right knee condition. Appellee notes that the final question appellant posed to Dr. Lombardi did not ask about a relationship between the 1979 left knee injury and the post–1986–injury right knee condition. The final question instead asked about the relationship between appellant's 1986 injury and his present condition. Appellant asked Dr. Lombardi:

"Q. So what I'm asking is but for the condition in 1979 would the fall in 1986 or did the fall in 1986 make his condition worse because he had the injury in 1979 as a proximate result?"

Appellee further notes that although Dr. Lombardi testified in general that an injury to one extremity might cause a deterioration of the condition of the opposite extremity, Dr. Lombardi failed to give specific testimony that appellant's 1979 left knee injury had proximately caused his post–1986–injury right knee condition. Dr. Lombardi testified in pertinent part as follows:

"A. * * * [W]hen an individual does, I feel, sustain an injury to one of the extremities he has to then depend on the opposite extremity and that in itself places significant stresses upon that other extremity."

Last, appellee notes that Dr. Lombardi testified he was unfamiliar with appellant's pre–1987 medical history. Dr. Lombardi admitted he had not read appellant's pre–1987 medical records.

In response to appellee's arguments about the statute of limitations, appellant articulates a corollary to his contention that an employer must take an injured worker as he evolves. Appellant argues that each new "period of aggravation," each new time a worker's previous injury aggravates a newly evolved condition, is a new injury for purposes of the Workers' Compensation Act. Appellant writes:

"Appellant has produced this question of first impression for the Court. When one has a continuing aggravation, is each identifiable period of aggravation a new injury for purposes of the workers' compensation act? Even if Appellant had problems with an aggravation as early as 1982, appellant had surgery to his right

knee in 1987, and that right knee, as it existed following surgery in 1987, is now worse than it would have been had he not injured his left knee in 1979. * * * "

Appellant argues that a new statute of limitations period should begin each time a previous injury aggravates a newly evolved condition.

We will first address the question of whether the trial court erred by sustaining appellee's objections to the hypothetical questions posed to Dr. Lombardi. The admission or exclusion of relevant evidence is within the sound discretion of the trial court and its decision to admit or exclude such evidence cannot be reversed absent a showing of an abuse of that discretion. *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 569 N.E.2d 1056; *Shumaker v. Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 28 OBR 429, 504 N.E.2d 44; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248. In *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137, 566 N.E.2d 1181, 1183, the court wrote:

"As this court has defined this standard, 'the term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *.' " See, also, *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 76, 21 OBR 371, 373, 488 N.E.2d 150, 153; *Sandusky Properties v. Aveni* (1984), 15 Ohio St.3d 273, 15 OBR 408, 473 N.E.2d 798, paragraph two of the syllabus.

When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. *In re Jane Doe 1; Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301; and *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950.

We agree with appellee that no authority exists for appellant's novel claim that employers must not only take employees as they find them, but also take employees as they evolve years after an injury. No portion of the workers' compensation law permits claims for injury-caused aggravation of conditions that develop *subsequent* to the injury. We decline to judicially expand the workers' compensation law to include such coverage.

We note that if the workers' compensation law is expanded to permit employees to recover each time a previous injury aggravates a newly evolved condition, employees will sometimes receive double recovery. An employee injured twice would recover not only for each injury, but also would recover twice for any effect the first injury has on the condition resulting from the second injury. Under the established "pre-existing condition" theory, the employer covering the second injury will have to pay for any effect the first injury has on the condition resulting from the second injury. See *Ackerman v. Indus. Comm.* (1936), 131 Ohio St. 371, 6 O.O. 85, 3 N.E.2d 44, where the court judicially expanded the

statutory definition of "injury" to include an aggravation of a pre-existing condition. See, also, *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 3, 548 N.E.2d 920, 921. Under appellant's proposed "later evolving condition" theory, the employer covering the first injury also would have to pay for any effect the first injury has on the condition resulting from the second injury. Appellant's scheme, in effect, is an upside-down version of the tort maxim "you take your plaintiffs as you find them."

In light of our decision, we find that the trial court committed no reversible error when sustaining appellee's objections to the hypothetical questions posed to appellant's expert medical witness Dr. Lombardi. Regardless of Dr. Lombardi's answers to the questions, appellant may not recover.[2]

■ In light of our decision, we also find that the trial court correctly granted appellee's motion for a directed verdict. Civ.R. 50(A)(4) provides:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

When determining a motion for a directed verdict, the trial court must submit an essential issue to the jury if there is sufficient credible evidence to permit reasonable minds to reach different conclusions on that issue. If, however, all the evidence, when construed most strongly against the movant, permits only a finding against the other party, then the trial court must instruct a finding or direct a verdict against that party. *Helmick v. Republican–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464; *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 58 O.O.2d 424, 280 N.E.2d 896.

■ A trial court considering a motion for directed verdict must determine not whether one version of the facts presented is more persuasive than another, but, rather, whether the trier of fact could reach only one result under the theories of law presented in the complaint. *Eldridge v. Firestone Tire & Rubber Co.* (1985), 24 Ohio App.3d 94, 24 OBR 164, 493 N.E.2d 293. A motion for directed verdict tests the legal sufficiency of the evidence. *Id.* The trial court may not weigh the evidence or try the credibility of witnesses, but must give to the party opposing the motion the benefit of all reasonable inferences from the

---

2. As we discuss *infra,* the trial court correctly found that Dr. Lombardi's testimony failed to establish a causal relationship between the 1979 left knee injury and the post–1986 right knee condition.

evidence. *Id.* A directed verdict motion is made at trial and decided on the evidence that has been admitted. *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 551 N.E.2d 172. The "reasonable minds" test of Civ.R. 50(A)(4) requires the court only to determine whether there is any evidence of substantial probative value in support of the nonmoving party's claim. *Id.* Thus, a motion for a directed verdict should be denied where the party against whom the motion is made has offered evidence tending to support all material issues necessary to constitute a prima facie case.

■ When we construe all the evidence in the case *sub judice* most strongly against appellee, we find appellee prevails. The law simply does not permit appellant to recover for the aggravation that his 1979 left knee injury caused to the later evolving condition of his right knee. Consequently, we find that the trial court correctly granted appellee's motion for directed verdict.

■ Even if the law would permit a worker to recover for the aggravation that a previous injury causes to a later evolving condition, appellant may not recover in the case *sub judice.* This is true because appellant failed to present expert medical testimony establishing a causal relationship between the 1979 industrial injury to his left knee and the post–1986 condition of his right knee. In *Shumaker v. Oliver B. Canon & Sons, Inc.* (1986), 28 Ohio St.3d 367, 369, 28 OBR 429, 430, 504 N.E.2d 44, 46, the court wrote:

"It is well-settled that the establishment of proximate cause through medical expert testimony must be by probability. At a minimum, the trier of fact must be provided with evidence that the injury was more likely than not caused by defendant's negligence. See *Cooper v. Sisters of Charity* (1971) 27 Ohio St.2d 242, 252 [56 O.O.2d 146, 151, 272 N.E.2d 97, 103]. Opinions expressed with a lesser degree of certainty must be excluded as speculative." See, also, *Albain v. Flower Hosp.* (1990), 50 Ohio St.3d 251, 265, 553 N.E.2d 1038, 1051.

In *Shumaker,* the court rejected as insufficient medical expert testimony that merely stated a link *could* exist between the worker's pancreatic cancer and his exposure to fumes. The *Shumaker* medical expert was unable to state that a link *did* exist.

In the case *sub judice,* appellant attempted to ask Dr. Lombardi whether a link existed between appellant's 1979 left knee injury and his post–1986 right knee condition. The question posed to Dr. Lombardi, however, did not address that precise issue. Dr. Lombardi's answer likewise failed to clearly state whether the exact link existed. We agree with the trial court that appellant failed to prove a proximate relationship between 1979 left knee injury and the post–1986 condition of his right knee.

Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

## II

In his second assignment of error, appellant asserts that the court erred by overruling his motion for a mistrial and his motion for a continuance. Appellant contends that rather than granting appellee's motion for a directed verdict, the court should have granted appellant additional time to obtain suitable expert medical testimony establishing a link between the 1979 injury to his left knee and the post–1986–injury condition of his right knee.

The granting or denying of a motion for a continuance rests within the sound discretion of the trial court. *Touche Ross & Co. v. Landskroner* (1984), 20 Ohio App.3d 354, 20 OBR 459, 486 N.E.2d 850. Absent an abuse of discretion, a reviewing court will not disturb the decision of the trial court. Similarly, the granting or denying of a motion for a mistrial rests within the sound discretion of the trial court. See *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 154, 569 N.E.2d 875, 882. A court may grant a motion for a mistrial when a party is confronted by surprising new facts or conditions which were unknown despite reasonable trial preparation. *Parsch Lumber Co. v. McGrath* (1930), 37 Ohio App. 37, 173 N.E. 629.

In the case *sub judice*, we find no abuse of discretion. First, the parties clearly had adequate time to prepare the case for trial. The trial court's ruling regarding the admissibility of the expert medical testimony does not constitute an unavoidable surprise. Second, appellant's argument in support of this assignment of error rests on the assumption that we would agree with the argument he raises under his first assignment of error—the argument that an injured worker should be able to recover for the aggravation that an injury will cause to later evolving conditions. For the reasons stated under appellant's first assignment of error, we disagree with that argument. Again, we note that the law does not permit appellant to recover for the aggravation the 1979 left knee injury might have caused to the post–1986 condition of the right knee.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error. Due to the fact we have overruled both of appellant's assignments of error, appellee's conditional cross-assignment of error does not arise for our consideration.

*Judgment affirmed.*

HARSHA, J., concurs.

GREY, J., concurs in judgment only.