LEAMAN, Appellant and Cross–Appellee,

v.

COLES, Appellee and Cross–Appellant, et al.

[Cite as *Leaman v. Coles* (1996), 115 Ohio App.3d 627.]

Court of Appeals of Ohio,
Third District, Defiance County.

No. 4–96–13.

Decided Nov. 20, 1996.

*Eric A. Mertz,* for appellant and cross-appellee.

*Stephen F. Kohrn,* for appellee and cross-appellant.

---

EVANS, Judge.

This an appeal by the plaintiff-appellant and cross-appellee Lonnie Leaman ("appellant"), from a judgment of the Court of Common Pleas of Defiance County granting the defendant's motion *in limine* to exclude certain evidence from jury consideration. Defendant-appellee and cross-appellant Bobbie Coles ("appellee") cross-appeals from the trial court's finding that appellant was the prevailing party and the trial court's permitting appellant to present the deposition of a defense witness as evidence at trial.

On November 18, 1992, while stopped in traffic, appellant's automobile was struck in the rear by appellee's vehicle. Appellee admitted liability for the collision. The day after the accident, appellant experienced neck pain and sought treatment at a hospital emergency department. He thereafter developed complaints of right-shoulder, back and neck pain and received treatment from a chiropractor, who eventually referred appellant to an orthopedic surgeon for evaluation. The physician prescribed physical therapy.

Three months after the accident, while appellant was undergoing physical therapy, he reported to the therapist that he had slipped on the ice and fallen on his right shoulder. The record also contains evidence that appellant has been involved in two subsequent automobile accidents since the accident at issue in this case.

Because of appellant's continuing complaints of shoulder pain and a clicking or popping sound occurring upon certain shoulder movements, the physician, Dr. Reszel, performed a diagnostic arthroscopic surgery (the "first surgery") on appellant's shoulder. During that surgery, the doctor performed some "cleaning up" of fraying to the shoulder ligaments, which, according to Dr. Reszel, was a condition more likely to have resulted from repetitive movement than from a blow. However, Dr. Reszel had earlier surmised, pursuant to appellant's personally reported history, that the automobile accident had to have been the cause of the injury.

Some months after the first surgery, because appellant continued to suffer the same symptoms, Dr. Reszel referred appellant to a surgeon for another opinion, and also ordered further testing, including an MRI. Unexpectedly, the MRI revealed the presence of a large cyst in appellant's humerus, near the shoulder joint. There is no question that the cyst was not caused by the accident. As a result of the finding from the MRI, appellant was referred to Dr. Lanny Johnson, an orthopedic surgeon in Michigan who had developed a new procedure to perform arthroscopic bone grafts to "fill in" gaps in the bone which would be caused by surgery such as removal of a bone cyst or tumor. Dr. Johnson performed an arthroscopic excision of appellant's cyst and a transfer of bone cells to the cystic area from appellant's tibia in August 1994 (the "second surgery"). Although this surgery was successful, it apparently did nothing to eliminate appellant's pain and the "popping" in his shoulder, about which he continued to complain after recovering from the second surgery. Therefore, in August 1995, appellant underwent a third surgical procedure, which ultimately resolved most of appellant's symptoms.

On September 1, 1993, appellant filed this action, requesting recompense for all of his medical expenses incurred following the November 1992 accident and future medical expenses. Pursuant to a defense motion *in limine,* the trial judge denied admission of evidence concerning appellant's "second surgery," which was the cyst removal by Dr. Johnson. Appellant had argued that, but for the pain he was having from the accident, the cyst would not have been discovered and the second surgery would not have been performed.

Faced with copious conflicting testimony at trial, the jury ultimately found appellee liable for the accident and awarded appellant a total amount of $15,000. The trial court further assessed certain costs against appellee, in favor of appellant, the prevailing party in this case, with the "remaining expenses to be borne by the party incurring such expenses."

Appellant asserts one assignment of error, contending that the trial court erred in refusing to admit the medical bills related to the second surgery:

"The trial court erred by preventing the jury from considering the second surgery performed by Dr. Johnson and in addition, excluding medical bills associated with that surgery."

■ Appellant argues that his humeral cyst was discovered only as a result of tests performed to discover the cause of his pain, which possibly resulted from the November automobile accident and, therefore, the second surgery would never have been performed but for the accident. Thus, argues appellant, bills and charges related to the second surgery were relevant to appellant's request for compensation for injuries caused by appellee's negligence. We disagree.

The Supreme Court of Ohio has held as follows:

"Ordinarily, a trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence. The admission of relevant evidence pursuant to Evid.R. 401 rests within the sound discretion of the trial court. *E.g., State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. An appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion. *State v. Finnerty* (1989), 45 Ohio St.3d 104, 107, 543 N.E.2d 1233, 1237. As this court has noted many times, the term 'abuse of discretion' connotes more than an error of law; it implies that the court acted unreasonably, arbitrarily or unconscionably. *E.g., Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142." *Rigby v. Lake Cty.* (1991), 58 Ohio St.3d 269, 271, 569 N.E.2d 1056, 1058.

Appellant asserts that the trial court erred in refusing to permit the admission of evidence demonstrating the costs involved in the second surgery on his shoulder. Appellee argues, however, that appellant's fallacious reasoning is analogous to the absurd hypothetical scenario wherein an injured plaintiff is "bumped on the chest in a minor fender-bender," and, due to a diagnostic x-ray or other test it is discovered that the plaintiff is suffering from lung cancer, "then the tortfeasor driver would be responsible for all subsequent cancer treatment because the chest pain from the accident resulted in the x-ray that led to the discovery of the cancer." We conclude that, as appellee is essentially pointing out, the treatment at issue is too far removed from the accident to be logically considered to have been "proximately caused" by appellee's negligence.

█ Following our review of the records, including the medical records and transcripts, we conclude that the judge did not abuse his discretion in removing the issue from the jury. We find, as did the trial judge, that no reasonable person could have found that the surgery in question was performed as a proximate result of the automobile accident in which appellant was injured on November 18, 1992. A plaintiff has the burden of establishing proximate cause of an injury through the introduction of expert testimony which rises to the level of reasonable probability. Testimony suggesting the mere possibility of a causal connection between an accident and an injury is not sufficient. As noted by the court in one case:

" 'It is well-settled that the establishment of proximate cause through medical expert testimony must be by probability. At a minimum, the trier of fact must be provided with evidence that the injury was more likely than not caused by defendant's negligence. See *Cooper v. Sisters of Charity* (1971)[,] 27 Ohio St.2d 242, 252 [56 O.O.2d 146, 151, 272 N.E.2d 97, 103]. Opinions expressed with a

lesser degree of certainty must be excluded as speculative.' See, also, *Albain v. Flower Hosp.* (1990), 50 Ohio St.3d 251, 265, 553 N.E.2d 1038, 1051." *Cummings v. B.F. Goodrich Co.* (1993), 86 Ohio App.3d 176, 187, 620 N.E.2d 209, 216. See, also, *Rigby v. Lake Cty., supra,* 58 Ohio St.3d 269, 569 N.E.2d 1056; *Darnell v. Eastman* (1970), 23 Ohio St.2d 13, 52 O.O.2d 76, 261 N.E.2d 114, syllabus.

Furthermore, "the doctor's opinion based on an incomplete or inaccurate medical history is pointless." *Kokitka v. Ford Motor Co.* (1995), 73 Ohio St.3d 89, 94, 652 N.E.2d 671, 675–676. Accordingly, we find that the trial court did not err in excluding evidence related to appellant's second surgery. The assignment of error is overruled.

Appellee asserts, on cross-appeal, the following assignments of error:

"1. The trial court erred by allowing Appellant to use the trial deposition of Dr. Lanny Johnson as part of Appellant's case in chief when Appellee assured the court that this deposition which the defense took on direct examination, paid for, and then filed for use at trial, as required by the Civil Rules[,] would be used as evidence in the defense of the case.

"2. The trial court erred [in] finding Appellant to have been the prevailing party and assessing court costs to Appellee.

"3. The trial court erred when it denied Appellee's motion that Appellant be assessed the charges by Dr. Lanny Johnson for his deposition."

■ In the first and third cross-assignments of error, appellee complains that the court erred in allowing appellant to introduce the defense's deposition of Dr. Johnson as evidence at trial, and, having so erred, the court further erred by refusing to award appellee the expenses it incurred in taking that deposition. However, we find that the Civil Rules so clearly undermine appellee's arguments on these issues (consisting chiefly of cries of "entirely unfair") as to preclude our countenancing these cross-assignments of error with a protracted discussion. See Civ.R. 27(E); Civ.R. 32(A), (C). The trial court did not err in its decisions. The first and third cross-assignments of error are not well taken, and are therefore overruled.

■ Appellee also argues, in the second cross-assignment of error, that because appellant received an award of only $15,000 in damages from the jury, a fraction of the amount he had demanded, he was not actually the "prevailing party" and therefore should have been assessed the costs of the litigation. Appellee cites no relevant authority in support of her position. The trial court found appellant to be the prevailing party pursuant to analogous appellate court cases wherein that finding was made based upon the plain definition of "prevailing party" as:

" 'The party to a suit who successfully prosecuted the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered. * * * To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it.' " *Woyma v. Johnson* (Oct. 7, 1994), Lake App. No. 94–L–004, unreported, quoting Black's Law Dictionary (6 Ed.1990) 1188. See, also, *Wainscott v. Frauenknecht* (Aug. 14, 1995), Warren App. No. CA94–11–094, unreported.

We find that the trial court followed the persuasive reasoning in the above-cited cases. Thus, the second cross-assignment of error is overruled.

Having found no error prejudicial to the appellant and cross-appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

SHAW and THOMAS F. BRYANT, JJ., concur.