[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an appeal of final judgments rendered by the Lucas County Court of Common Pleas. Appellants, Shirley G. Wamer and Georgia Mae Winebarger, filed suit against appellee, Tammy M. Pfaff, in the Lucas County Court of Common Pleas on February 13, 1996. Appellants alleged that they had suffered injuries or aggravation of pre-existing conditions as a result of a car accident on April 11, 1995. They alleged that appellee was the driver at fault in the accident.
Appellee admitted negligence for causing the accident, but denied that appellants suffered any injuries as a result of the accident. The case went to jury trial. Appellants filed a motion for a directed verdict, which the trial court denied. On April 30, 1997, the jury returned verdicts in favor of appellee.
Appellants then filed a motion for a judgment notwithstanding the verdict (j.n.o.v.) and a motion for a new trial.
On May 29, 1997, the trial court filed a judgment entry in which it accepted the jury verdicts in favor of appellee. The trial court entered judgment in favor of appellee. In a separate judgment entry filed on June 12, 1997, the trial court denied appellants' motions for a j.n.o.v. and for a new trial. Appellants then filed a notice of appeal.
Appellants have presented three assignments of error for consideration that are:
 "1. The trial court erred in overruling plaintiffs' motions for directed verdicts on the issue of the causation of the aggravation of pre-existing conditions established by plaintiffs' expert treating physicians when defendant produced no expert testimony in rebuttal.
 "2. The trial court erred in overruling plaintiffs' motions for judgment N.O.V. based upon the unrebutted expert opinion evidence that the admitted negligence of defendant proximately caused plaintiffs' to suffer aggravation of pre-existing conditions.
 "3. The trial court erred in overruling plaintiffs' motions for a new trial based upon the fact the verdict was against the manifest weight of the evidence, that portions of one of plaintiffs' expert's testimony was improperly stricken, and that the damages (zero) awarded were inadequate."
We now consider the arguments presented in support of and in opposition to the assignments of error.
In support of the first assignment of error, appellants argue that they were entitled to a directed verdict because they presented "unrefuted" expert testimony that the accident was the cause of aggravation of their pre-existing medical conditions. They point to the testimony of their treating physicians that both appellants suffered aggravation of pre-existing conditions as a result of the car accident. They then contend that the jury was not free to decide that the testimony of the treating physicians was not credible unless: (1) appellee presented conflicting testimony from other experts; or (2) appellee showed the treating physicians would change their opinions because of relevant facts they had not considered or because information they considered was false. They contend that appellee did not present any opposing expert testimony and did not show that the treating physicians would change their opinions because of new information.
Appellee responds that the jury was free to do what it did in this case: determine that the testimony of the treating physicians was not credible. Appellee argues that the record shows that the credibility of both appellants was seriously undermined, and that the jury could therefore critically examine the information appellants gave to their treating physicians regarding the history of their conditions and the severity of their conditions after the accident. Because both treating physicians testified the accuracy of the history of the patient's condition was critical to their diagnosis, if the history is suspect, the opinions of the physicians are also suspect.
The trial court and this court are both governed by the same standard to decide whether a party is entitled to a directed verdict in a case. Zammit v. Society Natl. Bank (1996),115 Ohio App.3d 543, 546. The standard of review is:
 "[I]f all the evidence relating to an essential issue is sufficient to permit only a conclusion by reasonable minds against a party, after construing the evidence most favorably to that party, it is the duty of the trial court to instruct a finding or direct a verdict on that issue against that party." O'Day v. Webb (1972), 29 Ohio St.2d 215, 220.
Keeping this standard of review in mind, we have reviewed the record and have considered the arguments of appellants and appellee. For the following reasons, we conclude that the trial court did not err when it denied appellants' motion for a directed verdict.
First, Ohio courts have long followed the rule that the jury, as the trier of fact, is vested with the power to determine the credibility of witnesses. Swan v. Skeen (1974), 40 Ohio App.2d 307,308-309. This rule is applied even when the witness is an expert witness whose testimony is not countered by testimony from a second expert witness. See, e.g., State v. Brown (1983),5 Ohio St.3d 133, 134-135; Bailey v. Emilio C. Chu, M.D., Inc.
(1992), 80 Ohio App.3d 627, 632; State v. Nivert (Oct. 18, 1995), Summit App. Nos. 16806, 16843, unreported; and Muncy v. Jones
(Jan. 19, 1984), Franklin App. No. 83AP-562, unreported. The Tenth District Court of Appeals considered a case in which the plaintiffs were arguing they were entitled to a higher award for damages because they had presented uncontroverted expert testimony in their behalf. Muncy v. Jones (Jan. 19, 1984), Franklin App. No. 83AP-562, unreported. The Muncy v. Jones court stated:
 "In order for the medical bills to be the subject of compensatory damages, plaintiffs were required to establish a causal connection between defendant's negligence and the expenses, and expert testimony was required to establish the necessity of the treatment which resulted in the billings. On the other hand, simply because plaintiffs' expert testified that the billings were necessitated by the accident, they are not automatically entitled to prevail on the question of necessity, even where their expert's testimony on that point is not directly controverted by defendant's evidence, so long as there appear in the record objectively discernible reasons upon which the jury could rely to reject the expert's opinion testimony. State v. Brown (1983), 5 Ohio St.3d 133, at 135.
 "Objective reasons do appear in the record from which the jury could conclude that plaintiffs failed to establish a causal relationship between defendant's negligence and some of Mrs. Muncy's complaints and expenses, in spite of the testimony of plaintiffs' expert to the contrary." Id.
Similarly, in this case, objective reasons also appear in the record that could have formed a basis for the jury to decide that the expert witness testimony establishing a causal link between the accident and appellants' complained of injuries was not credible. The record does confirm appellee's assertions that the treating physicians both testified that the accuracy of the history of their patients' conditions were vital to their opinions that the patients suffered aggravation of pre-existing conditions after the accident with appellee. The record also shows that the medical records of both appellants established that they were receiving medical treatment before the accident for the same problems they complained of after the accident.
Appellant Wamer was in a different car accident in 1986, and had whiplash injuries. Her medical records show that after that accident, she had a long history of neck and back pain. She was in therapy for those conditions nine months before the accident with appellee took place. She had applied for social security disability benefits on the basis that she had debilitating and permanent neck and back injury from the first accident.
When appellant Wamer was examined at the emergency room five-and-a-half hours after the accident with appellee, she was complaining of neck and back pain. No objective signs of neck or back injury were found by the doctors who examined her at the emergency room. Her emergency room records show that she had full range of motion in her neck.
Appellant Winebarger had end-stage arthritis in her left hip and had been advised to have her hip replaced three years before the accident occurred. Her emergency room record shows that she told the personnel there that she was planning to have surgery on her left hip in the near future. Her treating physician testified that she told him her left hip was getting progressively worse and more painful prior to the accident. He testified that he believed the accident aggravated her pre-existing condition, but he admitted that he did not know the circumstances of the accident, and that he was not familiar with how ambulatory appellant Winebarger was before the accident. He said: "All that I know is from what I was told and the fact that she was here in town mobile enough to arrive from her home on vacation." Following his initial examination with her, he did not schedule a second appointment. Instead, he recommended that she could control her pain with medication and wait until she returned home to have elective hip surgery. She called back later and scheduled the surgery in Toledo so she could be with her daughter during recuperation.
The testimony of appellants and appellee shows that both cars were moving at low rates of speed when they collided. Appellant Wamer said she had just passed through a school zone, where she did not speed, and was braking to avoid a van that was making a right-hand turn in front of her. Appellee was just coasting into the intersection in preparation to make a left-hand turn. The damage to appellant Wamer's car totaled $274.77. Of that total, $90 was for a replacement of her car's "bra." Both treating physicians agreed that the rate of impact at an accident generally has correlation to the severity of injuries suffered.
All of this information could be used by the jury to decide that the opinions of the treating physicians that the accident aggravated pre-existing conditions of appellants were not credible. Accordingly, the trial court did not err when it denied appellants' motion for a directed verdict because when the evidence was construed most favorably for appellee, reasonable minds could reach different conclusions on the essential issue of whether appellants proved the essential issue of causation of their injuries. Appellants' first assignment of error is not well-taken.
In support of their second assignment of error, appellants argue that they were entitled to a j.n.o.v. because they presented unrebutted expert witness testimony that the accident caused by appellee's negligence aggravated pre-existing medical conditions of appellants. Appellee again responds that the "unrebutted" expert testimony was shown not to be credible by objective reasons that were demonstrated through the testimony of the parties and through appellants' medical records.
The Supreme Court of Ohio has stated:
 "The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions." Posin v. A.B.C. Motor Court Hotel, Inc. (1976), 45 Ohio St.2d 271, 275.
As we previously explained in our discussion of appellants' first assignment of error, when all the evidence was construed in a light most favorable to appellee, reasonable minds could reach different conclusions on whether appellants proved the essential issue of causation. Accordingly, the trial court did not err when it denied appellants' motion for a j.n.o.v. Appellants' second assignment of error is not well-taken.
In support of their third assignment of error, appellants argue that the trial court should have granted their motion for a new trial. They argue that the verdict was against the manifest weight of the evidence, that the trial court improperly struck portions of testimony from one expert witness, and that the damages awarded were inadequate.
This court previously considered the proper standard of review for a trial court's ruling on a motion for a new trial.Verbon v. Pennese (1982), 7 Ohio App.3d 182, 182-183. We stated, in pertinent part:
 "The standard which the trial court is to apply in considering a motion for new trial is set forth by the Ohio Supreme Court in Poske v. Mergl (1959), 169 Ohio St. 70, at 73-74 [8 O.O.2d 36]:
 "`* * * where there is a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general. It is true that, in the first instance, it is the function of the jury to weigh the evidence, and the court may not usurp this function, but, when the court is considering a motion for a new trial upon the sufficiency of the evidence, it must then weigh the evidence. A court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury. Remington v. Harrington, 8 Ohio, 507; McGatrick v. Wason, 4 Ohio St. 566. See Abernethy v. Wayne County Branch of State Bank of Ohio, 5 Ohio St. 266. But, where a court finds a judgment on a verdict manifestly against the weight of the evidence, it is its duty to set it aside. Cleveland Pittsburgh Rd. Co. v. Sargent, 19 Ohio St. 438.'
 "This standard has been applied and followed extensively. Gebhart v. United States (1961), 172 Ohio St. 200
[15 O.O.2d 360]; Berry v. Roy (1961), 172 Ohio St. 422
[17 O.O.2d 356]; Conner v. Conner (1959), 170 Ohio St. 85 [9 O.O.2d 480]; Thompson v. Titus (1959), 169 Ohio St. 203 [8 O.O.2d 166]; State v. Loucks (1971), 28 Ohio App.2d 77 [57 O.O.2d 160].
 "In granting the motion for new trial, the trial court, by necessity, had to find that the jury's verdict was manifestly against the weight of the evidence. As set forth in Poske, supra, at 74, a court may not set aside such a verdict based upon a mere difference of opinion. A judgment may not be vacated on the ground that a verdict is against the weight of the evidence except as a matter of law. Dyer v. Hastings (1950), 87 Ohio App. 147
[42 O.O. 355]. A new trial will not be granted where the verdict is supported by competent, substantial and apparently credible evidence. 40 Ohio Jurisprudence 2d 975, New Trial, Section 65. The court does not undertake to judge the credibility of the evidence, but only to judge whether it has the semblance of credibility. Dyer, supra, at 150." Id.
Keeping this standard in mind, we have reviewed the record and the arguments presented in this case. We conclude that the trial court did not abuse its discretion when it denied the motion for a new trial on the basis that the verdict was against the manifest weight of the evidence. As we have previously noted, substantial credible evidence does exist in this case to support the conclusion that the accident negligently caused by appellee was not the proximate cause of any injury to appellants. SeeHendrickson v. Maenle (Dec. 20, 1991), Lucas App. No. L-90-366, unreported at fn.4.
We also find that the trial court did not abuse its discretion when it struck some testimony from one of appellants' expert witnesses. The testimony in question related to whether or not the treating physician could determine the cause of a symptom he observed in appellant Winebarger. The record clearly shows that the treating physician replied: "No. I can only speculate on that." Because a physician's opinion must be made to a reasonable degree of medical probability, see Leaman v. Coles (1996),115 Ohio App.3d 627, 630, the trial court did not abuse its discretion when it struck that portion of the treating physician's testimony.
Finally, because we have already stated that there was credible evidence to support a finding that the accident negligently caused by appellee was not the proximate cause of any injuries to appellants, we find the trial court did not abuse its discretion when it denied the motion for a new trial on the basis that the damages awarded were inadequate. When the actions of an appellee are not the proximate cause of damages to appellants, no liability exists and an award of no damages is appropriate. Appellants' third assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.