DYER, APPELLEE, *v.* HASTINGS, A MINOR, APPELLANT.

(No. 391—Decided January 19, 1950.)

*Messrs. Wetherill & Schwemmer,* for appellee.
*Messrs. Simpson & McKinley,* for appellant.

BY THE COURT. This is an appeal on questions of law from an order of the Common Pleas Court of Hardin County, made upon motion of the plaintiff, vacating and setting aside a judgment in favor of defendant and granting a new trial in an action wherein Joseph A. Dyer, the appellee, was plaintiff, and James Hastings, a minor, the appellant, was defendant.

The action is one for damages for personal injuries and medical expenses incurred by plaintiff incident to such injuries, and damages to the automobile owned by plaintiff, alleged to have resulted from a collision between the automobile operated by plaintiff and an automobile operated by defendant, and to have been caused by the negligence of defendant.

The judgment which was set aside and vacated was entered upon a verdict rendered by a jury in favor of defendant, and the motion was sustained and the order rendered upon the sole ground that "said verdict is against the weight of the evidence."

Under the Constitution and statutes of the state of Ohio as they existed prior to September 30, 1947, an appeal could not be taken from the granting of a motion for a new trial unless the court, in granting the same, abused its discretion.

Article IV, Section 6 of the Constitution was amended, effective January 1, 1945, to read, in part:

"The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, com-

missions, officers, or tribunals, and of courts of record inferior to the Court of Appeals within the district * * * ."

Thereafter, Section 12223-2, General Code, was amended, effective September 30, 1947, to read, in part:

"* * * an order vacating or setting aside a judgment and ordering a new trial, is a final order which may be reviewed, affirmed, modified or reversed, with or without retrial, * * * ."

By virtue of this constitutional amendment and the amendment of Section 12223-2, General Code, an appeal may now be taken from an order such as the order in the instant case, vacating or setting aside a judgment and ordering a new trial, irrespective of whether the court abused its discretion in the making of such order. Upon such an appeal the function of the reviewing court is to determine whether the trial court erred in the making of such order and if it erred, to reverse such order; and if the trial court did not err, to affirm the order.

It is the firmly established law of Ohio that a jury is the sole judge of the credibility of *evidence,* so that in considering a motion to set aside or vacate a judgment rendered upon the verdict of a jury and for a new trial, upon the ground that the verdict is against the weight of the evidence, a trial court is governed by the same rule of law as a reviewing court in vacating or setting aside a judgment and granting a new trial upon such ground.

From the text and authorities cited in support thereof in 2 Ohio Jurisprudence, 1153 to 1163, Appellate Review, Sections 635 and 636, we deduce that the rule applicable to both trial courts and reviewing courts in such procedure is:

No judgment may be vacated or set aside and new trial granted upon the ground that the verdict is against the weight of the evidence except as a matter

of law; and a judgment will not be vacated or set aside and a new trial granted upon such ground where the verdict is supported by competent, substantial and apparently credible evidence which goes to all the essential elements of the case. See, also, 3 American Jurisprudence, 435, Appeal and Error, Section 883.

In formulating this rule the word, "substantial," modifying the word, "evidence," is used in the sense of "constituting more than a scintilla of," and the word, "apparently," as used to modify the word "credible," is used to indicate that the court does not undertake to judge the credibility of the evidence, but only to judge whether it has the semblance of credibility.

The evidence in the instant case is in direct and sharp conflict on many essential elements of the case and is such that a verdict for either party would be supported by competent, substantial and apparently credible evidence.

In this situation it was the sole function of the jury to determine the credibility of the evidence, which it did by returning a verdict in favor of the defendant.

This verdict, as above mentioned, is supported by competent, substantial and apparently credible evidence, and the trial court therefore erred in ruling that it is against the weight of the evidence and granting plaintiff's motion on this ground.

For this error the order of the trial court appealed from will be reversed as being contrary to law, at the costs of appellee, and the reversal of the order of the trial court having the effect of reinstating the judgment in favor of defendant, the cause will be remanded for execution on the judgment.

*Judgment reversed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.