VERBON, APPELLEE, *v.*
PENNESE ET AL., APPELLANTS.

(No. WD-81-84—Decided May 21, 1982.)

*Mr. Victor Rosenberger, Jr.,* for appellee.

*Mr. Thomas G. Zraik,* for appellants.

MCQUADE, J. This cause originated in the Wood County Court of Common Pleas where plaintiff-appellee, Robert C. Verbon, sought judgment on a promissory note and for the foreclosure of a mortgage against the defendants-appellants, Samuel and Irene Pennese. Upon jury trial, a verdict was rendered for the plaintiff in the sum of $8,500, and judgment was entered accordingly.

Appellee filed a motion for new trial on the ground that the verdict clearly established passion and prejudice. The trial court requested that both parties agree to an additur. Appellee refused to accept the additur, and the motion for new trial was granted because "the judgment of the jury was too small."

Appellants' sole assignment of error is:

"The court erred in granting a new trial when there was ample evidence to support the jury's verdict."

Appellants have failed to submit any case authority in support of their position, but, rather, have extensively reviewed the

evidence presented to the jury. The thrust of their argument is that, although the amount awarded appellee may be too low, the single issue here is whether the verdict is justified by the evidence.

The standard which the trial court is to apply in considering a motion for new trial is set forth by the Ohio Supreme Court in *Poske* v. *Mergl* (1959), 169 Ohio St. 70, at 73-74 [8 O.O.2d 36]:

"* * * where there is a motion for a new trial upon the ground that the judgment is not sustained by sufficient evidence, a duty devolves upon the trial court to review the evidence adduced during the trial and to itself pass upon the credibility of the witnesses and the evidence in general. It is true that, in the first instance, it is the function of the jury to weigh the evidence, and the court may not usurp this function, but, when the court is considering a motion for a new trial upon the sufficiency of the evidence, it must then weigh the evidence. A court may not set aside a verdict upon the weight of the evidence upon a mere difference of opinion between the court and jury. *Remington* v. *Harrington,* 8 Ohio, 507; *McGatrick* v. *Wason,* 4 Ohio St., 566. See *Abernethy* v. *Wayne County Branch of State Bank of Ohio,* 5 Ohio St., 266. But, where a court finds a judgment on a verdict manifestly against the weight of the evidence, it is its duty to set it aside. *Cleveland & Pittsburgh Rd. Co.* v. *Sargent,* 19 Ohio St., 438."

This standard has been applied and followed extensively. *Gebhart* v. *United States* (1961), 172 Ohio St. 200 [15 O.O.2d 360]; *Berry* v. *Roy* (1961), 172 Ohio St. 422 [17 O.O.2d 356]; *Conner* v. *Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480]; *Thompson* v. *Titus* (1959), 169 Ohio St. 203 [8 O.O.2d 166]; *State* v. *Loucks* (1971), 28 Ohio App. 2d 77 [57 O.O.2d 160].

In granting the motion for new trial, the trial court, by necessity, had to find that the jury's verdict was manifestly against the weight of the evidence. As set forth in *Poske, supra,* at 74, a court may

not set aside such a verdict based upon a mere difference of opinion. A judgment may not be vacated on the ground that a verdict is against the weight of the evidence except as a matter of law. *Dyer* v. *Hastings* (1950), 87 Ohio App. 147 [42 O.O. 355]. A new trial will not be granted where the verdict is supported by competent, substantial and apparently credible evidence. 40 Ohio Jurisprudence 2d 975, New Trial, Section 65. The court does not undertake to judge the credibility of the evidence, but only to judge whether it has the semblance of credibility. *Dyer, supra,* at 150.

The record in this case fails to indicate that the jury's verdict is not supported by credible evidence. A careful review of the facts reveals the following sequence of events: Appellants' body shop business, Penn Brothers, finding itself in financial difficulty, applied for a Small Business Administration (SBA) loan through Huntington Bank. Mr. William Tripp, a Huntington Bank loan officer, processed said loan. Due to appellants' financial condition, Huntington Bank refused to issue a direct loan. However, Tripp informed appellant Samuel Pennese that a Mr. Robert Verbon would agree to lend him $35,000. Tripp assured appellant that the SBA loan was forthcoming. This loan, however, did not go through. Tripp was aware that appellants would be unable to repay the appellee without the SBA loan. After making some payments, appellants defaulted on the loan.

A note was signed by the appellants in the amount of $35,000 and a mortgage upon the appellants' home was executed as security. Upon execution of the note, appellants received $31,700. Tripp informed the appellants that $3,300 was "taken off the top" as a fee for "doing the loan." This $3,300 was given to appellee, who returned $1,000 to Tripp for his time and effort.

Appellant Samuel Pennese testified that he made five interest payments ranging between $787 and $909 and that the

amount of these payments was determined by Tripp. Appellant made the first interest payment by check. He was then informed by Tripp that all subsequent payments were to be made in cash. Appellant also made an $11,750 payment by check and cash payments of $3,300 each time he had to renew the note. There was testimony by appellant that four such $3,300 payments were made. Tripp could not recall such payments, but did not deny that they were made. Further, appellee testified that he did not know what amount had been paid on the note and that no records were kept. Likewise, Tripp kept no records of payments made by appellants.

Neither Tripp nor appellee made any effort to contact the other to discuss receipt of the claimed payments or to determine the amount owed. All the appellants' dealings were through Tripp and appellee made no effort to contact appellants or to check their note until the note had been in default for a year and a half. There was testimony by John Zilba, who was acquainted with appellant Samuel Pennese, appellee, and Tripp, that appellee and Tripp were partners in this transaction and that appellee made this loan so that he "could have an inside with the Huntington Bank."

The jury was instructed on the issue of agency. They were also instructed that if they found that such an agency relationship existed between Tripp and appellee for collection of the loan, all payments to Tripp would result in a reduction of the loan. Instructions were also given on the issue of usury and the jury was charged that appellee was entitled to no more than eight percent interest on this loan. The jury returned a verdict in the amount of $8,500. Appellant Samuel Pennese did testify that he owed the appellee $9,025.98. However, this included a calculation of interest at nine percent. There is insufficient evidence in the record from which the jury could determine a precise amount of interest. Although the amount of the verdict may

not be the exact amount owed, the verdict is supported by apparently credible evidence and the judgment is not manifestly against the weight of the evidence. See *Dyer* v. *Hastings* and *Poske* v. *Mergl, supra.*

The granting of a motion for new trial rests largely in the sound discretion of the trial court, and the granting or refusal of such motion will not be disturbed upon review unless there is an abuse of judicial discretion. 40 Ohio Jurisprudence 2d 901, New Trial, Section 6. It has been held that in relation to sustaining a motion for new trial, an abuse of discretion "implies an unreasonable, arbitrary or unconscionable attitude upon the part of the court." *Poske* v. *Mergl, supra,* at 75. However, as indicated in *Pearson* v. *Cleveland Acceptance Corp.* (1969), 17 Ohio App. 2d 239, at 242 [46 O.O.2d 411], such definitions abound in generalities which acquire purpose and meaning only as applied in particular cases. A careful review of the evidence in the instant case reveals that the verdict has at least a semblance of credibility. A trial court abuses its discretion in granting a motion for new trial after a jury verdict where substantial evidence supports its verdict. *Pearson, supra,* paragraph one of the syllabus.

For the above stated reasons, appellants' sole assignment of error is found to be well-taken. Accordingly, the order of the Wood County Court of Common Pleas granting a new trial is reversed. This cause is remanded to the court of common pleas for reinstatement of the judgment in accordance with the jury verdict. Costs assessed against appellee.

*Judgment reversed
and cause remanded.*

CONNORS, P.J., and DOUGLAS, J., concur.

McQUADE, J., of the Fulton County Court of Common Pleas, was assigned to the Sixth Appellate District pursuant to Section 5 (A)(3), Article IV, Constitution.