OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which denied a motion for judgment not withstanding the verdict and/or a new trial filed by appellants, Billie and Joan Hanner, following the return of a jury verdict in favor of appellee, John Hall. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellants set forth the following two assignments of error:
"ASSIGNMENT OF ERRORS
 "1) THE JURY VERDICT IS AGAINST THE WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 "2) THE TRIAL COURT ERRED IN FAILING TO GRANT PLAINTIFFS-APPELLANTS' (SIC) A NEW TRIAL."
The following facts are relevant to this appeal. Appellants filed their complaint on November 11, 1997, in which they alleged that, on April 4, 1995, while appellant Billie Hanner ("Billie") slowed their automobile to make a turn, they were negligently struck in the rear end of their automobile by an automobile owned and operated by appellee. Both appellants claimed permanent injuries as a result of the accident; Billie alleged that he had been forced to apply for disability because he had been unable to work. The case proceeded to trial on September 1, 1998, and concluded on September 2, 1998.
On September 2, 1998, the jury returned a verdict, finding each appellant had failed to prove that he/she had suffered any injury or loss as the result of the collision on April 4, 1995. On September 10, 1998, appellants filed a motion for judgment not withstanding the verdict and/or a new trial. Appellee filed a memorandum in response. Appellants also filed a notice of appeal and a motion to stay the appeal. As a result of the later motion, on October 26, 1998, this court remanded the appeal for the purpose of allowing the trial court to rule on appellants' pending motion for a new trial. On November 23, 1998, the trial court denied the motion. This court reinstated the appeal on December 8, 1998.
In their first assignment of error, appellants argue that the jury verdict is against the weight of the evidence and contrary to law. This court finds no merit in this assignment of error.
In manifest weight cases, the standard of review on appeal is that of deference to the decision of the trier of fact.Seasons Coal Co. v. City of Cleveland (1984), 10 Ohio St.3d 77,80. Furthermore, it is well settled that:
 "[j]ugdments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
Our review of the record in this case indicates the existence of competent, credible evidence supporting the jury's decision. Although appellants argue that there was uncontroverted testimony and evidence that they suffered injuries as the proximate result of the accident of April 4, 1995, appellee was able to elicit testimony from both appellants and appellants' two expert witnesses that directly impeached appellants' credibility. Both expert witnesses admitted that their opinions were based upon appellants' self-reported histories and that if a history was incorrect, the opinion would be incorrect. Appellee also was able to elicit testimony from both appellants regarding the existence of prior injuries and treatment as well as testimony from Billie regarding prior disability and worker's compensation claims and a prior personal injury claim.
The jury thus heard conflicting evidence on whether appellants' injuries were the proximate result of the accident of April 4, 1995. Given this conflicting evidence, the jury had to assess the credibility of the witnesses in order to render a decision. Shore, Shirley Co. v. Kelley (1988), 40 Ohio App.3d 10,15. (The weight to be given the evidence and the credibility of the witnesses are for the jury to decide.) The trier-of-fact is in the best position to assess the credibility of the witnesses presented at trial and to determine the weight to be afforded the evidence offered. Walworth v. B.P. Oil Co. (1996), 112 Ohio App.3d 340,347. We find that the jury properly and reasonably reconciled the conflicts in the evidence. It cannot be said that its verdict affected a manifest miscarriage of justice.
Accordingly, appellants' first assignment of error is found not well-taken.
In their second assignment of error, appellants argue that the trial court erred in failing to grant a new trial. This court finds no merit in this assignment of error.
In ruling on a motion for a new trial based upon an insufficient evidence claim, the trial court must weigh the evidence in the sense of whether it appears to the court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph three of the syllabus. As noted by the court in Verbon v. Pennese (1982), 7 Ohio App.3d 182, 184:
 "* * * It has been held that in relation to sustaining a motion for new trial, an abuse of discretion `implies an unreasonable, arbitrary or unconscionable attitude upon the part of the court.' (Citation omitted.) However, * * * such definitions abound in generalities which acquire purpose and meaning only as applied in particular cases. A careful review of the evidence in the instant case reveals that the verdict has at least a semblance of credibility. A trial court abuses its discretion in granting a motion for new trial after a jury verdict where substantial evidence supports its verdict." (Citation omitted.)
Upon consideration of the above cited law and the record in this case, this court finds without merit appellants' argument. This court finds that there was sufficient evidence to support the verdict and, therefore, the trial court did not err in denying appellants' motion for a new trial.
Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 Peter M. Handwork, P.J. _______________________________ JUDGE Richard W. Knepper, J. _______________________________ JUDGE Mark L. Pietrykowski, J. _______________________________ JUDGE CONCUR.