Decision and Journal Entry
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Amanda, Angela and Ronald Edwards, appeal the decision of the Medina County Court of Common Pleas denying their motion for a new trial. We affirm.
 I.
The Edwardses and appellee, Jeffrey Haase ("Haase"), are neighbors. On October 5, 1997, while the Edwards and Haase children were playing, Amanda reached out to pet the Haase's family dog and the dog bit her face. The Edwardses filed a complaint against Haase raising Amanda's claim for damages and Angela and Ronald's claims for loss of consortium. Angela and Ronald are Amanda's parents.
The parties stipulated that Haase was liable and that Amanda's injuries were proximately caused by the dog bite. On August 31, 2000, a jury trial began on the sole issue of damages. The jury heard testimony from Angela, Amanda, Dr. J. Sheldon Artz, and Haase. The jury awarded Amanda $15,000 in damages and found for Haase on Angela and Ronald's loss of consortium claim.
On September 15, 2000, the Edwardses moved the trial court for a new trial pursuant to Civ.R. 59(A)(4) and (6). The trial court denied the Edwardses' motion for a new trial. This appeal followed.
 II. Assignment of Error
THE TRIAL JUDGE ABUSED HIS DISCRETION BY DENYING PLAINTIFFS' MOTION FOR NEW TRIAL.
In their sole assignment of error, the Edwardses argue that the trial court erred in denying their motion for a new trial. The Edwardses based their motion for a new trial on Civ.R.59 (A)(4) and (6). The relevant sections provide:
(A) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
* * *
(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
* * *
(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.]
The decision as to whether a motion for new trial should be granted lies within the sound discretion of the trial court, and its ruling will not be reversed upon appeal absent a showing of an abuse of discretion.Verbon v. Pennese (1982), 7 Ohio App.3d 182, 184. An abuse of discretion is more than just an error of judgment or law; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Since the Edwardses set forth two grounds upon which the trial court should have granted their motion for new trial, we have chosen to discuss each ground separately.
1. Inadequate Damages
The assessment of damages is generally an issue to be decided by the jury. Weidner v. Blazic (1994), 98 Ohio App.3d 321, 334. A court may not award a new trial on the basis of inadequate damages unless the movant is able to establish that the verdict resulted from jury passion and prejudice and that the damages were "so overwhelmingly disproportionate as to shock reasonable sensibilities." Pena v. Northeast Ohio EmergencyAffiliates, Inc. (1995), 108 Ohio App.3d 96, 104.
It has been held that the size of a verdict, without more, is insufficient to prove passion or prejudice. Weidner,98 Ohio App.3d at 334-335. "There must be something contained in the record which the complaining party can point to that wrongfully inflamed the sensibilities of the jury." Shoemaker v. Crawford (1991), 78 Ohio App.3d 53, 65. In order to determine whether passion or prejudice affected a damage award so as to warrant a new trial, an appellate court should "consider the amount of the verdict, whether the jury considered incompetent evidence, improper argument by counsel or other improper conduct which can be said to have influenced the jury." Dillon v. Bundy (1991), 72 Ohio App.3d 767,774, citing Fromson Davis Co. v. Reider (1934), 127 Ohio St. 564, paragraph one of the syllabus.
In this case, the Edwardses argue that the jury acted under passion or prejudice when deciding to award zero damages for the parents' loss of consortium claim because the past and future medical bills were claims belonging to the parents not Amanda. The record reflects that the trial court instructed the jury that "[i]f you find for the child, you may award an amount that will reasonably compensate the parents, Angela Edwards and Ronald Edwards, for damages which you find resulted from [the] loss of the child's consortium." The trial court defined consortium as "services, society, companionship, comfort, love, and solace." The instruction for consortium did not include Amanda's past and future medical expenses. The Edwardses did not object to the jury instructions.
After our review of the record, we find that the Edwardses failed to establish that the zero damage award for the parents' loss of consortium claim resulted from jury passion and prejudice and that the verdict was so disproportionate in amount as to shock reasonable sensibilities. We find that the trial court did not abuse its discretion in refusing to grant the Edwardses' motion for a new trial under Civ.R. 59(A)(4).
2. Manifest Weight of the Evidence
When considering a Civ.R. 59(A)(6) motion, the trial court must weigh the evidence and pass on the credibility of the witnesses. The trial court's consideration of this weight and credibility is not in the substantially unlimited sense employed by the jury but in a more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the weight of the evidence. Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph three of the syllabus. A trial judge should "`abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result.'" Bland v. Graves (1993), 85 Ohio App.3d 644, 651, quoting Moore, Federal Practice (1992), paragraph 5908[5], at 59-150.
At trial, the Edwardses presented evidence regarding Amanda's past and future medical expenses. Amanda's past medical bills totaled $1,756.57. Dr. Artz testified that future medical treatments would include three surgeries and follow up laser treatments to reduce the appearance of her facial scars. Dr. Artz estimated that these possible future surgeries and treatments would cost approximately $9,000. The Edwardses also presented evidence regarding Amanda's pain and suffering.
In light of the standard of review, we conclude that the trial court did not abuse its discretion by denying the Edwardses' motion for a new trial. Our review of the record indicates that there was competent, credible evidence to support the conclusion that Amanda's past medical bills and an estimate of her future medical expenses totaled $11,756.57. The trial court awarded Amanda damages in the amount of $15,000. We note that there were no jury interrogatories to challenge the verdict. However, the fact that the jury awarded an amount greater than Amanda's past and future medical expenses suggests the jury also awarded Amanda an amount they felt would reasonably compensate her pain and suffering. Consequently, the trial court's denial of the motion for a new trial under Civ.R. 59(A)(6) was not unreasonable, arbitrary, or unconscionable.
The Edwardses' sole assignment of error is overruled and the judgement of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
BAIRD, J., SLABY, J. CONCUR.