This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Thomas Harris has appealed from an order of the Summit County Court of Common Pleas denying his motion for a new trial. This Court affirms.
 I.
Harris was a passenger in a car that was struck from behind by an automobile driven by Appellee Adrienne McKee. Harris filed a complaint alleging that McKee was negligent in operating her motor vehicle and that the collision caused injuries to his lower back, resulting in medical expenses of over $4,500.00 and lost wages in excess of $9,000.00.
McKee stipulated that she was negligent in operating her vehicle and that her negligence caused the collision. The parties also stipulated to the accuracy and amount of Harris' medical bills, which totaled $4,527.00. The only contested issue was how much, if any, of Harris' medical expenses and lost wages were caused by the accident.
The matter was tried before a jury, which returned a verdict in favor of McKee. Harris filed a motion for judgment notwithstanding the verdict, or in the alternative, motion for new trial. The trial court denied the motion. Harris has timely appealed, asserting one assignment of error.
 II. Assignment of Error The trial judge committed error and abused her discretion in denying Plaintiff's Motion for new trial.
In his sole assignment of error, Harris has argued that the trial court abused its discretion in denying his motion for a new trial. Specifically, Harris has contended that the jury's verdict should have been set aside by the trial court as "unconscionable" and "clearly against the manifest weight of the evidence."
This Court reviews a trial court's ruling on a motion for new trial under an abuse of discretion standard. Rohde v. Farmer (1970),23 Ohio St.2d 82, paragraph one of the syllabus. "`[A]buse of discretion,' in relation to the sustaining of a motion for a new trial[,] implies an unreasonable, arbitrary or unconscionable attitude upon the part of the court. Poske v. Mergl (1959), 169 Ohio St. 70, 75.
Pursuant to Civ.R. 59(A)(6), a trial court may grant a new trial where the judgment is not sustained by the weight of the evidence. Pena v.Northeast Ohio Emergency Affiliates, Inc. (1995), 108 Ohio App.3d 96,103, appeal not allowed (1996), 75 Ohio St.3d 1494. Where the verdict is supported by "competent, substantial and apparently credible evidence," a motion for a new trial will be denied. Verbon v. Pennese (1982),7 Ohio App.3d 182, 183. In reaching its verdict, the trier of fact is "free to believe all, part, or none of the testimony of each witness."State v. Jackson (1993), 86 Ohio App.3d 29, 33.
In the instant case, Harris did not leave the scene of the accident in an ambulance but was taken to Akron General Medical Center by a friend who was driving by at the time. At Akron General, Harris was given pain medication and X-rayed, and told to call his family physician.
At trial, Harris presented the testimony of Dr. Ted Tang, who opined that based upon a "reasonable medical probability," Harris' lower back and neck pains were "reasonably related" to the January 31, 1998 automobile accident. Dr. Tang examined Harris on February 3, 1998 — three days after the collision with McKee — and characterized the injuries suffered by Harris as strains of the lower back and soft tissue injuries. Dr. Tang recommended that Harris treat his injured lower back with ice three times a day, begin stretching exercises, and use medications for pain, anti-inflammation, and muscle relaxation. Harris returned to Dr. Tang for continuing treatment of his lower back pain several times through June 1999, and was referred by Dr. Tang to Dr. Blanda, an orthopedist.
On cross-examination, Dr. Tang testified that reports of the X-ray of Harris taken on the date of the accident contained an impression stating "normal lumbrosacral spine." He also testified that no significant results were found from an MRI of Harris taken on February 27, 1998. In addition, Dr. Tang stated that the report of Dr. Blanda indicated that there was normal alignment of Harris' lumbar spine. Finally, Dr. Tang conceded that there were no objective findings as to any degenerative changes, herniations, or nerve impingement.
Moreover, evidence was adduced at trial concerning Harris' history of lower back pain. In October 1997, just three months before the parties' accident, Harris sought medical treatment for lower back pain from Dr. Tang. This October back injury caused Harris to miss approximately two days of work. Neither Harris nor Dr. Tang could identify what caused Harris' back pain in October 1997. Harris also testified that he had been employed at a steel mill since February 1997. He characterized his duties at work, which included shoveling steel pellets and lifting electric motors, as "pretty heavy-duty work."
The only evidence with respect to the wages Harris claimed to have lost as a result of the accident with McKee was the testimony of the payroll administrator of Harris' employer, and certain payroll records the administrator brought to trial. As McKee has correctly pointed out, however, this evidence establishes only that Harris was "out of work" from January 31, 1998, through May 3, 1998, as well as the hourly wage Harris would have earned during that time. Harris presented no evidence or testimony on the critical issue of whether any lost wages he claimed were proximately caused by the motor vehicle accident with McKee.
In order to establish actionable negligence, the plaintiff must prove, by a preponderance of the evidence, that the defendant's negligence was the proximate cause of the plaintiff's injuries. Gedra v. Dallmer
(1950), 153 Ohio St. 258, paragraph one of the syllabus. The inconclusive testimony of Dr. Tang and the payroll administrator, as well as the evidence of Harris' history of lower back pain, constitutes substantial, competent, and apparently credible evidence to support the jury's determination that Harris failed to show that his injuries were proximately caused by McKee's negligence. Harris' argument that the trial court abused its discretion in failing to grant his motion for new trial because the verdict was against the manifest weight of the evidence is therefore without merit.
Harris has also argued that the trial court incorrectly stated the standard for considering his motion for new trial, and has quoted from the trial court's order denying his motion: "[I]t is not for the court to now weigh the evidence and assess the credibility of witnesses." In support of this contention, Harris has cited Rohde and Poske, supra, for the proposition that the trial court must weigh the evidence and assess the credibility of witnesses in determining whether the verdict is against the manifest weight of the evidence.
The language Harris has quoted from the trial court's order, however, was taken from the trial court's discussion of Harris' alternative motion for judgment notwithstanding the verdict and, in that context, is a correct statement of the law. In discussing Harris' motion for a new trial, the trial court specifically stated "there is substantial evidence to support the jury's verdict." Harris' argument that the trial court abused its discretion in failing to weigh the evidence and assess the credibility of witnesses therefore lacks merit.
 III.
Harris' sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.