I respectfully dissent from the majority's opinion. With respect to the issue of foreseeability, I believe that the trial court abused its discretion in determining that it was not foreseeable that an air pocket would be trapped at a low point in the system. The trial court determined that because all experts agreed that air must be bled from the high points, it was unforeseeable that a bubble would be trapped at a low point. I consider the trial court's determination to be unreasonable. Appellants' experts opined that an air bubble was trapped at a low point, causing water hammer when the system was put under pressure. The fact that air pockets are bled off the high points does not preclude air from being trapped at a low point. As such, it is my opinion that the trial court arbitrarily drew an inference and a conclusion that were not supported by the experts' testimony or the evidence presented. Moreover, DeVore's testimony that Cooper Tire and Rubber Company ("Cooper") inadequately engineered and designed the system, thereby making it difficult to remove all the air for a pressure test, further supports the foreseeability that an air pocket could be trapped at a low point. Accordingly, it is my opinion that the jury's verdict was supported by "competent, substantial and apparently credible evidence."[35]
With respect to the issue of "active participation," I also respectfully dissent from the majority's opinion. The applicable law is stated in Hirschbach v. Cincinnati Gas Elec. Co. (1983),6 Ohio St.3d 206, syllabus, as follows:
 "One who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor."
 In Sopkovich v. Ohio Edison (1998), 81 Ohio St.3d 628, 642-643, the Ohio Supreme Court stated, "* * * active participation giving rise to a duty of care may be found to exist where a property owner either directs or exercises control over the work activities of the independent contractor's employees, or where the owner retains or exercises control over a critical variable in the workplace."
With respect to whether Cooper actively participated in the activity which caused appellant's injuries, the trial court stated as follows:
 "Simon Tamny testified that the cause of the accident was the dislodging of a trapped air bubble at the blind flange, which led to water rushing in at a rate high enough to cause water hammer. [Footnote omitted.] Tamny also testified that the addition of air into the system did not cause the pipe to explode. [Footnote omitted.] Likewise, he testified that the air bubble was located at the low point of the system and that air should be bled from the high points. [Footnote omitted.] Everyone who was asked about bleeding air out of the system testified that this should be done at the high points. [Footnote omitted.] The Eslon manual and ASME standard B31.1 also state that air should be bled from the high points of a system. [Footnote omitted.]"
 "These factors mean that if the jury believed Tamny's testimony as to the cause of the accident, then its verdict was not sustained by sufficient evidence. Although the defendant may very well be responsible for ordering the test, thus, actively participating in this portion of what transpired on April 1, 1990, the evidence did not support the conclusion that the defendant actively participated in the `critical act,' i.e., dislodging the air bubble. According to Tamny, the dislodging had nothing to do with the order to conduct a combination air and water test."
 Upon review of the law in Hirschbach and Sopkovich, it is my opinion that the trial court's application of the term "active participation" was erroneously limited in scope. In this case, there was evidence that Cooper exercised control over a critical variable in the workplace, i.e. Cooper inadequately engineered and designed a pipe system which created a hazard by allowing an air pocket to be trapped at a low point. Additionally, there was evidence that Cooper actively participated in Warner Mechanical Corporation's ("Warner's") work activities, i.e. Cooper ordered the pressure test to be conducted on an improperly designed system, without any supervision. Hence, insofar as there was evidence as to both control over a critical variable and control over work activities, it is my opinion that appellants established that Cooper actively participated in the job operation and failed to eliminate a hazard, which in the exercise of ordinary care could have been eliminated. Accordingly, it is my opinion that, as a matter of law, the trial court erroneously applied the law regarding "active participation" to the facts in this case.
Moreover, I respectfully disagree with the majority that "Cooper's involvement was so minimal that it does not meet the definition of `active participation.'" Such a finding is not supported by the evidence and is contrary to law.
Insofar as appellants established that it was foreseeable that an air pocket could be trapped in a low area, which could cause water hammer when the system was pressurized, I disagree with the majority's opinion and would find that the trial court abused its discretion in finding that the jury verdict was against the manifest weight of the evidence.[36]
Additionally, because the evidence established that Cooper designed the hazardous system and actively participated in Warner's work activities, I would find that, as a matter of law, the trial court erroneously interpreted the law concerning owner liability and "critical acts." It is therefore my opinion that the decision of the trial court granting a new trial should be reversed and the jury should be reinstated in appellants' favor. The case should be remanded to the trial court for consideration of appellants' motion for prejudgment interest.
[35] See Verbon v. Pennese (1982), 7 Ohio App.3d 182, 183.
[36] See C.E. Morris Co. v. Foley (1978), 54 Ohio St.2d 279.