OPINION
Plaintiff-appellant Jeanne Brown appeals the December 27, 2000, Judgment Entry of the Guernsey County Court of Common Pleas, which granted defendants-appellees E. Eugene "Gene" and Karen Lehman's motion for new trial. Plaintiff-appellant is Jeanne C. Brown.
 STATEMENT OF THE FACTS AND CASE
The Lehmans [hereinafter appellees] were the owners of a large home and real estate located at 633 Upland Road, Cambridge, Ohio. In January, 1992, Jeanne C. Brown [hereinafter appellant] offered to buy the property from appellees with the intent of operating a "bed and breakfast" business. However, the deal did not go forward due to appellant's inability to obtain financing. Eventually, appellees agreed to lease the property to appellant for a term of five years, with options to extend the lease for additional terms. Under the terms of the lease, appellant was afforded the opportunity to recoup certain portions of the cost of improvements she made to the property.
Upon execution of the lease, appellant took possession of the property and named it the "Clare Inn." She operated the business and made various repairs and/or improvements thereon. In November, 1995, William and Karen Taylor [hereinafter the Taylors] visited the Inn and expressed an interest in purchasing the premises, apparently believing that appellant was the owner. Appellant ultimately made the Taylors aware of the ownership of appellees, who decided to pursue the sale of the property to the Taylors. However, appellees desired that appellant contract separately with the Taylors to recoup compensation for appellant's improvements to the property and to negotiate compensation for personal property to remain in the Inn and appellant's leasehold interest.
On January 26, 1996, appellant and the Taylors entered into an agreement whereby appellant agreed to assign her interest in the lease to the Taylors, who agreed in turn to pay appellant a total of $50,000 (in three unequal installments) for her interest in the lease, all improvements she made to the property, and the furnishings on the premises. The parties are in dispute as to the extent of furnishings included in the agreement. The agreement was made contingent upon appellant obtaining the written consent of appellees to the assignment of the lease.
The Taylors took possession of the premises the day the agreement with appellant was signed, even though appellees contend they never gave consent to the above agreement. The appellees further contend that they had, in fact, indicated they would not give consent to an assignment of the lease. However, the closing of the lease assignment, scheduled for March 15, 1996, did not go forward because the Taylors failed to appear. Appellees then decided that appellant was in default of the original lease based on her vacating of the premises. The Taylors refused to make further payments to appellant and appellant was not able to retrieve any personal property from the Inn. Appellant contended that appellees and the Taylors conspired to divest her of her interests in the Inn property, and filed suit to obtain compensatory damages, exemplary and punitive damages, a return of personal property, and/or possession of the premises and attorney fees.
The matter proceeded to a jury trial on July 26 through July 30, 1999, with The Honorable David A. Ellwood presiding. The jury returned identical verdicts against appellees and the Taylors for $102,895.00 in compensatory damages and $75,000.00 in punitive damages, plus attorney fees. On August 6, 1999, appellees filed a Motion for Judgment Notwithstanding the Verdict or New Trial. On September 22, 1999, Judge Ellwood filed an Entry voluntarily recusing himself from further proceedings. He stated therein that his "impartiality might reasonably be questioned concerning the disputed evidentiary facts, based upon hisaliunde information from the Jurors and conduct of the counsel in this case." Judgment Entry, September 22, 1999. (Emphasis original). Judge Ellwood then requested the Chief Justice of the Supreme Court of Ohio to assign another judge. On October 18, 1999, the Chief Justice appointed the Honorable Charles F. Knapp to preside over the rest of the case. Following a hearing on February 25, 2000, Judge Knapp sustained the Motion for New Trial.
Appellant timely filed a Notice of Appeal on March 21, 2000. By opinion issued November 3, 2000, this Court sustained appellant's argument that the trial court failed to properly articulate its reasons for granting a new trial. Therefore, the matter was remanded to the trial court for further clarification.[1]
On December 27, 2000, the trial court issued a Judgment Entry in which the trial court articulated its reasons for granting the Motion for New Trial. Subsequently, on January 25, 2001, appellant filed a new Notice of Appeal.
In the case sub judice, appellant appeals the December 27, 2000, Entry, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE LATENT AMBIGUITY OF THE SUCCESSOR JUDGE'S SUPPLEMENTAL ENTRY AS TO THE ISSUE OF LIABILITY CONSTITUTES A CORRECTABLE ERROR.
 ASSIGNMENT OF ERROR II
 THE SUCCESSOR JUDGE COMMITTED REVERSIBLE ERROR BY SUSTAINING THE MOTION FOR NEW TRIAL ON THE BASIS OF EXCESSIVE DAMAGES.
 I
In the first assignment of error, appellant argues that the trial court's Judgment Entry was latently ambiguous as to whether the trial court granted a new trial on the issues of liability and damages or just on the issue of damages. Appellant asks this court to explicitly direct the trial court to limit further determinations solely to the issues of damages.
Our review of the Judgment Entry does not reveal a latent ambiguity. Appellees filed a Motion for a New Trial. The Motion did not request a new trial solely on the issue of damages. The trial court sustained appellees motion on two grounds.
Further, the Judgment Entry of the trial court does not contain any ambiguity. The trial court's original Judgment Entry stated "Defendant's Motion for a New Trial is SUSTAINED on the basis excessive damages were given under influence of passion or prejudice, and the judgment is NOT SUSTAINED by the weight of the evidence (see record)" February 25, 2000, Judgment Entry (Emphasis original). The subsequent Judgment Entry of the trial court, issued on remand, which articulated the trial court's reasons for granting the new trial stated:, . . . I hereby articulate my reasons for granting a new trial." Judgment Entry December 27, 2000. Neither of the Judgment Entries of the trial court indicate that the new trial granted is to be limited to a trial on the issue of damages. The trial court granted a "new trial". Without further announcement by the trial court, we cannot say that the trial court intended to grant a limited, new trial, on some issues but not all issues.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant contends that the trial court committed reversible error by sustaining appellant's motion for new trial, made pursuant to Civ. R. 59, on the basis of excessive damages. First, appellant argues that the record supports the jury's award of compensatory and punitive damages. Further, appellant asserts that even if the damages were excessive, the award was not the result of passion or prejudice. Therefore, appellant asserts that the trial court should have issued a remittitur rather than order a new trial. We disagree.
The trial court found that the compensatory damages awarded to appellant were excessive for the following reasons:
 The plaintiff placed the value of her household interest and all the furniture, linens, bedding towels, drapes and accessories at $50,000 on January 26, 1996, when she entered into an agreement with the Taylors.
 The plaintiff claims that she made improvements to the premises, but according to her own exhibit, the improvements were cosmetic. According to the lease agreement she had with the Lehmans, cosmetic repairs were to be at her cost.
 The plaintiff received $15,000 from the Taylors and was due $35,000.
 The plaintiff's Federal Tax Returns show that while she occupied the premises, she did not realize a profit.
 The plaintiff turned the property over to the Taylors when the phone was changed expecting the balance of $35,000 to be paid by the Taylors. Yet, in her final argument, the plaintiff told the jury she was entitled to $99,000.00 for the use of two rooms after she had turned the property over to them.
 During closing argument, counsel for the plaintiff used the word "conspiracy" in describing the defendants. This was after the trial Judge had told him not to use that word during the presentation of the case.
Based upon the above reasons, the trial court sustained appellees' motion for a new trial on the basis of excessive damages given under the influence of passion or prejudice and the judgment was not supported by the weight of the evidence.
Civil Rule 59 (A) states, in relevant part, that a new trial may be "granted to all or any parties and on all or part of the issues upon the following grounds . . . (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice . . . or (6) The judgment is not sustained by the weight of the evidence. . . ." To support a finding of passion or prejudice, pursuant to Civ.R. 59(A)(4), it must be demonstrated that the jury's assessment of the damages was so overwhelmingly disproportionate as to shock reasonable sensibilities.Jeanne v. Hawkes Hosp. of Mt. Carmel (1991), 74 Ohio App.3d 246, 257;Pearson v. Cleveland Acceptance Corp. (1969), 17 Ohio App.2d 239, 245.
A new trial should be granted pursuant to Civ.R. 59(A)(6) (Judgment not sustained by the weight of the evidence) if the jury's verdict was not supported by competent, substantial, and credible evidence. Dillion v.Bundy (1992), 72 Ohio App.3d 767, 773-774; Verbon v. Pennese (1982),7 Ohio App.3d 182, 183.
It is well established that a trial court's decision whether to grant a new trial lies within the sound discretion of the trial court. Verbon,supra. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Generally, in reviewing a trial court's ruling on a motion for a new trial, an appellate court should view the evidence before it favorably to the trial court's action, rather than the jury's verdict, where the trial court's decision involves questions of fact.Sanders v. Mt. Sinai Hosp. (1985), 21 Ohio App.3d 249, 253. This deference to a trial court's grant of a new trial stems in part from the recognition that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the "surrounding circumstances and atmosphere of the trial." Malone v. Courtyard byMarriott L.P. (1996), 74 Ohio St.3d 440, 448. We note that in this case, the deference is somewhat limited because the Judge that presided over the trial is not the Judge to have granted the Motion for New Trial.
An appellate court reviewing whether a trial court abused its discretion in ruling on a motion for a new trial pursuant to Civ.R. 59(A)(4) (Excessive or inadequate damages) must consider (1) the amount of the verdict, and (2) whether the jury considered improper evidence, improper argument by counsel, or other inappropriate conduct which had an influence on the jury. Dillon, 72 Ohio App.3d at 774.
In closing argument appellant claimed $205,685.00 in compensatory damages. That amount was the total of the following damages appellant claimed during the trial.
 • $35,000 still outstanding on the $50,000 contract to purchase Jeanne Brown's leasehold interest, furnishings and improvements to the leasehold. (TR 291, 1012-1013). (Appellant contended that this $35,000.00 was for improvements to the leasehold.)
 • $56,000 for personal property destroyed during the time Jeanne Brown was not granted access to the Inn (i.e. furniture, carpets, etc.). (TR 1013). Appellant contended that this was personal property which was not part of the original leasehold purchase contract.
 • $99,000 for conversion, based upon the rental value of the two rooms occupied outside of any legal right by the Taylor's (TR 229, 299, 1015).
 • $875 for interest on the court-imposed bond to preserve Plaintiff's property for trial. (TR 1017).
 • $14,000 for storage of this personal property.(TR 1017).
• $810 for moving expenses. (TR 1018).
The jury awarded appellant $205,790.00 ($102,895 from the Lehmans and $102,895 from the Taylors), slightly more than was requested. Therefore, it appears the jury based its award upon appellant's claimed damages.
First, we note that we find the trial court's recitation of facts, as stated in the reasons for granting a new trial, accurately reflects testimony received at trial. A review of the record demonstrates, as the trial court noted, that appellant sought and was awarded overlapping damages and damages for improvements which were not reimbursable pursuant to the lease between appellant and appellees.
For example, the facts show that appellant sought an award of damages ($35,000) based upon the enforcement of the terms of an agreement. Appellant claimed that she was to be paid a total of $50,000 by the Taylors pursuant to their agreement.
This amount was to compensate the appellant for the assignment of her rights under the lease, for furnishings at the Inn and for the improvements made by appellant to the Inn. Fifteen Thousand Dollars ($15,000) of that money had been paid by the Taylors to appellant, leaving $35,000.00 due and owing. Appellant also sought $99,000 in damages for the alleged loss of rental income that she suffered by not being able to rent the rooms out at the Inn because the Taylors had possession of the Inn. (This $99,000 claim is interesting based on the trial court's finding that appellant's Federal Tax returns show that while appellant occupied the premises, she did not realize a profit). The $35,000.00 claim and the $99,000.00 claim are incompatible. Had appellant been paid the $35,000.00 remainder due on the $50,000.00 agreement, appellant would have had no further claim to the premises. Despite the incompatibility of these two amounts, it appears that the jury awarded the appellant a sum that included both amounts. A further example of the appellant being awarded overlapping damages by the jury is that she was awarded an amount which included $56,000 for furnishings. Pursuant to the January 26, 1996, agreement between appellant and the Taylors, appellant agreed to sell "all furniture in said premises, including carpets and oriental rugs, wall coverings, drapes, bedding, towels and accessories" to the Taylors. These furnishings would have been part of the consideration for the $50,000. However, at trial, appellant sought compensatory damages ($56,000) for furniture which she claimed was in the house. Appellant claimed that this furniture was hers and not included in the agreement with the Taylors, despite the clear and unambiguous language in the agreement to the contrary. Appellant claimed this furniture was damaged or soiled before she was permitted to retrieve it from the Inn.[2] We find that the trial court did not abuse its discretion when it found the damages were excessive and that the judgment was not sustained by the weight of the evidence.
Further, we find that the trial court did not abuse its discretion in finding the excessive damages were the result of passion or prejudice. In its reasons for granting a new trial, the trial court stated that during closing argument, appellant's counsel used the word conspiracy to describe the actions of the defendants. Previously, the trial court had instructed counsel not to use the word. Appellant argues that the use of this one word during closing argument is insufficient to form a basis for a finding of passion or prejudice.
In order to determine whether the trial court abused its discretion, we must note that prior to closing argument, the trial court did instruct appellant to refrain from using the words "collusion" or "conspiracy". The trial court expressed its concern that this civil trial not become a criminal trial. The trial court was concerned that the words collusion and conspiracy had definite meanings and were criminal terms. The trial court did not "want to try a criminal case in a civil case." TR 962-963. The trial court did not want appellant's counsel to "get into criminal law" which was not before the jury and "get into error". TR 963.
However, appellant's counsel did use the word conspiracy during closing arguments. TR 1009. Although appellant argues this one incident is insufficient upon which to find passion or prejudice, this was not the only time that appellant attempted to paint the defendants' actions as criminal. Appellant's counsel repeatedly used the words "theft," "steal," and "stole." These words indicate criminal activity even more clearly to a jury of laymen as do "conspiracy" or "collusion." Persistent abuses by counsel during closing argument are proper grounds for a new trial. Dillon v. Bundy (1991), 72 Ohio App.3d 767, 772 (citing Jones v.Macedonia-Northfield Banking Co. (1937), 132 Ohio St. 341, paragraph three of syllabus). We find that under the circumstances of this trial, the trial court did not abuse its discretion when it found that the damages were excessive as a result of passion or prejudice. Convincing a jury that this was really a criminal matter for which the remedy was an award of money could easily have swayed the jury to award excessive damages out of passion or prejudice.
This court further finds that even if we were to sustain appellant's contention, the trial court did not base its decision to grant a new trial solely upon its finding that the damages were excessive as a result of passion or prejudice. The trial court also found that the judgment was not sustained by the weight of the evidence, pursuant to Civ. R. 59(A)(6). When a trial court grants a new trial pursuant to Civ. R. 59(A)(6), there is no need for a finding of passion or prejudice. Therefore, even were we to find the trial court abused its discretion in finding passion or prejudice, the decision would not warrant reversal.
Appellant's second assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.
Costs to appellant.
Hon. Julie Edwards, P.J. Hon. Sheila Farmer, J. Hon. John Boggins, J. concur.
[1] On appeal the initial appeal, appellant raised the following assignments of error:
 I. THE ENTRY OF JUDGE KNAPP SUSTAINING THE MOTION FOR NEW TRIAL CONSTITUTES REVERSIBLE ERROR AS IT FAILS TO ARTICULATE THE FACTUAL BASIS FOR THE DETERMINATION.
 II. BY SUSTAINING THE MOTION FOR NEW TRIAL, JUDGE KNAPP COMMITTED REVERSIBLE ERROR SINCE HE DID NOT PERSONALLY OBSERVE THE TRIAL AND DID NOT HAVE ACCESS TO FINDINGS OF FACT TO SUPPORT THE JUDGMENT OF JUDGE ELLWOOD.
 III. JUDGE KNAPP, THE SUCCESSOR JUDGE, COMMITTED REVERSIBLE ERROR IN FINDING THAT THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF LIABILITY.
 IV. JUDGE KNAPP COMMITTED REVERSIBLE ERROR IN SUSTAINING THE MOTION FOR NEW TRIAL ON THE BASIS OF EXCESSIVE DAMAGES.
 V. THE ACTIONS OF JUDGE ELLWOOD SURROUNDING HIS VOLUNTARY RECUSAL WERE PREJUDICIAL AND TAINTED THE SUBSEQUENT APPOINTMENT OF JUDGE KNAPP, AND IN TURN, THE SUSTAINING OF THE MOTION FOR NEW TRIAL.
Assignment of Error I was sustained, as discussed above. Assignment of Error II and V were overruled. Of relevance at this point, Assignment of Error III and IV, regarding the trial court's grant of a new trial, were found to be unripe.
[2] Appellant was eventually permitted to enter the Inn and retrieve personal property by Court Order. Appellant was required to make a bond and the property was held pending the outcome of the trial.