OPINION
{¶ 1} Appellant, Jessica Sidwell, appeals the April 17, 2002 judgment entry, in which the Trumbull County Court of Common Pleas ordered a new trial due to the unreasonableness of the jury's damage award.
 {¶ 2} Appellee, Lisa A. Demski, along with her husband, Michael Demski, and her son, Patrick Demski, filed a personal injury action on June 19, 2000, against appellant and her mother, Anita F. Sidwell. The complaint was filed as the result of a rear end collision that occurred on April 17, 1999. The case proceeded to jury trial on November 14, 2001, and continued on November 15, 2001. Prior to the trial, there was a stipulation that appellant failed to maintain an assured clear distance, and thus, was negligent. However, there was no such stipulation as to the issues of proximate cause and damages. Hence, the case proceeded to trial on those issues.
 {¶ 3} This case arose as the result of an auto accident that occurred on April 17, 1999, when appellant rear-ended appellee's vehicle. Appellant was negligent for failing to maintain an assured clear distance, and as a result, her car collided with the automobile operated by appellee. Appellee sought medical treatment the day after the accident for injuries sustained as a result of the collision. She was seen by a chiropractor, who determined that her injuries were permanent. Specifically, her chiropractor assigned a fifteen percent disability rating to her future impairment. The medical bills that were admitted into evidence amounted to $7,853.
 {¶ 4} On November 16, 2001, the jury returned separate verdict forms in favor of appellee and Erie Insurance Group. The verdict in favor of appellee was in the amount of $4,059.20 for medical expenses, and zero dollars for past and future injuries. The verdict in favor of Erie Insurance Group totaled $2,000. The jury's verdict was then reduced to a judgment. On November 27, 2001, appellee filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. On April 17, 2002, the trial court granted appellee's motion for a new trial. It is from that entry that appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 5} "The trial court erred to the prejudice of [appellant] and abused its discretion in granting [appellee's] motion for new trial pursuant to [Civ.R. 59(A)]."
 {¶ 6} In her lone assignment of error, appellant maintains that the trial court abused its discretion by granting appellee's motion for a new trial. Appellee filed a motion for a new trial on the grounds of Civ.R. 59(A)(4) and (6).
 {¶ 7} Civ.R. 59(A) provides:
 {¶ 8} "A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 {¶ 9} "***
 {¶ 10} "(4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 {¶ 11} "***
 {¶ 12} "(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case[.]"
 {¶ 13} A court shall not award a new trial on the basis of inadequate damages, pursuant to Civ.R. 29(A)(4), unless the moving party is able to establish that the verdict resulted from jury passion and prejudice such that the jury's assessment of the damages was "so overwhelmingly disproportionate as to shock reasonable sensibilities."Pena v. Northeast Ohio Emergency Affiliates, Inc. (1995),108 Ohio App.3d 96, 104. The size of a verdict, without more, is insufficient to prove passion or prejudice. Weidner v. Blazic (1994)98 Ohio App.3d 321, 334-335. There must be something significant in the record that the complaining party can point to that wrongfully inflamed the sensibilities of the jury. Shoemaker v. Crawford (1991),78 Ohio App.3d 53, 65. In order to determine whether passion or prejudice affected a damage award so as to warrant a new trial, a court must consider the amount of the verdict, or if the jury considered incompetent evidence, improper argument by counsel or other improper conduct which likely influenced the jury. Pena, 108 Ohio App.3d at 104; Dillon v.Bundy (1991), 72 Ohio App.3d 767, 774.
 {¶ 14} Furthermore, when ruling on a motion for a new trial predicated on the weight of the evidence, the trial court must weigh the evidence and pass on the credibility of witnesses. Rohde v. Farmer
(1970), 23 Ohio St.2d 82, 91. While the jury has substantially unlimited power to assess weight and credibility, the trial court's consideration of such matters is more restricted as the trial court must make a broad-based determination as to whether a manifest injustice has been done because the verdict returned by the jury is against the weight of the evidence. Id. at 92; Atkinson v. Internatl. Technegroup, Inc.
(1995), 106 Ohio App.3d 349, 358; Padden v. Herron (Dec. 24, 1998), 11th Dist. No. 97-L-223, 1998 WL 964545, at 3. In other words, the trial court "`does not undertake to judge the credibility of the evidence, but only to judge whether it has the semblance of credibility.'" Kitchen v.Wickliffe Country Place (July 13, 2001), 11th Dist. No. 2000-L-051, 2001 WL 799750, at 3, quoting Verbon v. Pennese (1982), 7 Ohio App.3d 182,183.
 {¶ 15} Thus, it falls within the province of the jury to weigh the evidence, and the trial court may not assume that function. Rohde,23 Ohio St.2d at 92. Nevertheless, when presented with a motion for a new trial under Civ.R. 59(A)(6), the trial court must engage in a limited weighing of the evidence. The trial court may not set aside a verdict based upon a mere difference of opinion with the jury as to the weight of the evidence. However, when the trial court finds a verdict manifestly against the weight of the evidence, the court is under a duty to set aside the judgment. Id.
 {¶ 16} The grant or denial of a Civ.R. 59(A)(6) motion for a new trial is committed to the sound discretion of the trial court and on appeal will not be reversed absent an abuse of discretion. Mannion v.Sandel, 91 Ohio St.3d 318, 321, 2001-Ohio-47; Malone v. Courtyard byMarriott Ltd. Partnership (1996), 74 Ohio St.3d 440, 448. An abuse of discretion connotes more than simply an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} Moreover, a reviewing court must view the evidence favorably to the trial court's action rather than to the jury's verdict.Malone, 74 Ohio St.3d at 448; Rohde, 23 Ohio St.2d at 94. This deference to the trial court's decision stems from the recognition that the trial judge is better situated than an appellate court to pass on questions of witness credibility and the surrounding circumstances of the trial.Malone at 448; Rohde at 94. Thus, the trial court is in the best position to ultimately pass on the correctness of a jury's verdict. Antal v. OldeWorlde Products, Inc. (1984), 9 Ohio St.3d 144, 146.
 {¶ 18} In Antal, 9 Ohio St.3d at 147, the court stated:
 {¶ 19} "The question remains as to how specific must a trial court be when granting a new trial on the ground that the verdict is against the manifest weight of the evidence. The record of the case at bar reveals that the trial court articulated no reasons whatsoever, other than stating generally that the jury's verdict was not `sustained by the weight of the evidence.' While the determination of whether a trial court's statement of reasons is sufficient should be left to a case-by-case analysis, we can say with a reasonable degree of certainty that such reasons will be deemed insufficient if simply couched in the form of conclusions or statements of ultimate fact. [Citation omitted.]
 {¶ 20} "Consequently, we hold that, when granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial."
 {¶ 21} In the case at bar, the April 17, 2002 judgment entry stated that:
 {¶ 22} "[t]he jury had evidence presented to it by [appellee] showing medical expenses amounting to $7,853.00. Expert testimony was presented that her injuries were permanent and a 15% disability rating was given on future impairment. Evidence was presented by [appellee] showing pain and suffering. Also evidence showed considerably more than a minimal impact occurred when [appellee's] stopped vehicle was struck by [appellant's] vehicle.
 {¶ 23} "***
 {¶ 24} "It is possible for the jury not to be convinced that [appellee] proved future injuries as they could conclude from her testimony that she was better after treatment. It is hard to imagine, however, the jury's conclusion that no damages should be due [appellee] for past pain and suffering or that the medical bills should not be paid when they had no evidence upon which to determine that the bills were not reasonable. [Appellant's] counsel's suggestion in closing arguments that there was over-treatment is not evidence that there was over-treatment."
 {¶ 25} The foregoing language of the trial court cannot be construed as being "simply couched in the form of conclusions or statements of ultimate fact," as was found inadequate in Antal. There can be no hard-and-fast rule set forth by this court as to sufficiency of the grounds specified by a trial court in support of the determination that a new trial is warranted. We adhere to the necessity of case-by-case determinations as set forth in Antal.
 {¶ 26} Here, the case went to trial so that the jury could determine which medical expenses were reasonable and necessary as a result of the auto accident, and whether appellant would have future medical expenses, pain and suffering or loss of earnings. Appellee presented the deposition testimony of her chiropractor as well as all of her medical bills. Accordingly, it is our determination that the trial court did not abuse its discretion by granting a new trial on the basis of inadequate damages. Furthermore, because the trial court set forth facts that constituted a reasonable basis for its decision, we conclude that there was no abuse of discretion on the part of the trial court in its determination that the verdict was not supported by the weight of the evidence. It is our view that the trial court's judgment entry fulfilled the requirements of Civ.R. 59(A).
 {¶ 27} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.